## HOLLAND and wife vs. BURRIS.

PARTIES: *Who necessary, etc.*
  All persons interested in the subject matter of a suit should be made
    parties plaintiff or defendant, and where a party so interested is
    brought upon the record, and a decree rendered against him with-
    out service of process, such decree, though not void, is voidable and
    reversible on appeal.

APPEAL from *Jefferson* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*Palmer & Sanders*, for appellants.
*A. H. Garland*, for appellees.

ENGLISH, Sp. J. The original bill in this case was filed by
Thomas J. Dooling, against Dennis H. Crofton and Walter
Burris. The allegations of the bill material to be stated, on
this appeal, are, that in October, 1860, Dooling sold to Crofton
the north half, and the southeast quarter of sec. 33, T. 1, S.,
R. 2, E., in Phillips county, and took Crofton's two notes for
$3,000 each, for the purchase money, payable the 1st January,
1861, and 1st January, 1862, bearing six per cent. interest.
The contract of sale was verbal, but Dooling agreed to make
Crofton a deed on the payment of the notes; about the 1st of
January, 1861, Crofton paid $2,500 on the note then due, and
went into the possession of the lands, and held them until
sometime during the late civil war, when they were aband-
oned; and near the close of the war, Dooling took possession
of the lands. After the war in 1866, Crofton brought two
suits against him, one for the possession of the lands, and the
other for rents; one object of the original bill was to enjoin
these suits.

In the meantime, in January, 1862, Dooling being indebted
to his daughter Susannah J., purchased of Walter Burris, for

$3,322, the N. W. qr. sec. 6, T. 2, S., R. 3, E., Phillips county, and indorsed to him the notes of Crofton in payment, Burris made a deed to Susannah, J, reciting the notes of Crofton indorsed to him by Dooling, and retaining in the face of the deed, a lien on the land for the ultimate payment of the price agreed on.

The bill prayed that the contract of sale by Dooling to Crofton be rescinded or that the lands be subjected to the payment of the amount due on Crofton's notes held by Burris, in order that Dooling might be released from liability on his indorsements, etc.

Crofton answered the original bill, and made his answer a cross-bill, in which he offered to pay such sum as might be found justly due on his notes, claiming deductions for rents, damages, etc., and prayed that Dooling be compelled to perform his contract of sale with him, etc. Burris also answered the original bill, and filed a cross-bill against Dooling, Crofton and Susannah J, in which he stated, substantially, as was alleged in the original bill, the sale made by him of the tract of land above described to Dooling, the taking of Crofton's notes in payment, the execution of the deed to Susannah J., retaining a lien, etc. ; and that after the notes were indorsed to him, Crofton had agreed in writing to increase the rate of interest upon them from six to ten per cent., and admitted the payment of $100, etc.

He claimed a lien upon the tract of land conveyed by him to Susannah J., for the purchase money, and also a lien on the lands sold by Dooling to Crofton for the payment of the notes indorsed to him, etc. Prayed a decree against Crofton for the amount due him, and that the tract of land conveyed by him to Susannah J. be first sold, and then the lands sold by Dooling to Crofton, or such portion of them as might be sufficient to pay the remainder of his debt, etc. It was stated in the

cross-bill that Susannah J. was an infant. Crofton answered the cross-bill.

At a term of court held below, in February, 1869, the bankruptcy of Dooling was suggested, and his assignee, John S. Harner, made a party, who entered his appearance.

The intermarriage of Susannah J. Dooling, with David Holland, was suggested, and the appearance of the husband was entered. Crofton then moved for a continuance of the cause, which was refused, and the court proceeded to hear the cause, on the pleadings, etc., and render a final decree.

No process appears to have been sued out against Susannah J., no guardian *ad litem* appointed for her, and no answer or other pleading filed for her, nor was her appearance entered. The court rendered a decree against Crofton in favor of Burris for $5,575.08, and in favor of Harner, assignee of Dooling, for $388.61, and foreclosing the equity of redemption of Susannah J. and her husband, in the tract of land conveyed to her by Burris, directed a commission to sell it first, and then the lands sold by Dooling to Crofton, to satisfy the decree. The lands were, afterward, accordingly all sold by the commissioner and purchased by Burris at $700, he bidding $500 for Susannah J.'s tract, and $200 for the other lands.

After the report and confirmation of the sale, Holland and wife appealed to this court.

It is insisted for the appellants that the decree should be reversed, because Mrs. Holland was not made a party; that a decree was rendered against her without process, etc.

She certainly held the legal title to the tract of land conveyed to her by Burris, subject to his lien, reserved in the deed, to secure the payment of Crofton's notes, either by him or by Dooling who indorsed them. The cross-bill by Burris sought to enforce his lien by a sale of this land, and she was properly and necessarily made a defendant to this cross-bill,

in order that her title might pass to the purchaser under the decree for the sale of the land. Yet a decree was taken against her and her land sold, without service of process, and without an opportunity of making defense. Notwithstanding the sale under the decree, and purchase by Burris, the legal title to the land is still in her. Had she been served with process, she might have had something to say about the sale of her land first, when Crofton was the primary debtor, and there was a lien on other lands to secure the payment of his notes indorsed to Burris by Dooling, in payment of the land conveyed to her by Burris.

Her husband was properly made a party, having acquired some interest in the land by his marriage with her, but the legal title was still in her, and process should have been served upon her. Her rights were not represented by any party to the suit. Moreover, immediately after her husband was made a party, the cause was set down for hearing and heard, when he had not answered, and was not legally in default.

The general rule in equity as at law is, that all persons directly interested in the subject matter of the suit, as was Mrs. Holland in the case, should be made parties. The exceptions to the rule are familiar to the profession and need not be stated. It is insisted by the counsel for the appellees, that Mrs. Holland, not being a party to the suit, had no right to prosecute this appeal. It is true, if she had not been brought upon the record, and a decree rendered against her, she would have had no right to appeal.

But she was made a defendant to the cross-bill of Burris, and a decree rendered against her without service of process or appearance. This decree is not void, according to the rule in *Borden v. The State*, but voidable and reversible on appeal. If Burris were to bring an action against her for the land, and rely on the decree and the commissioner's deed, she could

not defeat the suit by setting up the absence of a showing of personal service on the face of the record, but would have to resort to a direct proceeding to avoid the decree. Such is the rule established in this state in relation to domestic judgments and decrees of courts of general jurisdiction.

The decree of the court below against the appellants must be reversed, and the cause remanded, with instructions to the court to set aside the sale, and to treat Mrs. Holland as a party, as if served with process, by reason of the prosecution of this appeal, and that she and her husband be allowed a reasonable time to plead, answer or demur to the cross-bill of Burris and to proceed with the cause in accordance with law, and not inconsistent with this opinion.

BENNET, J., being disqualified, did not sit in this case.