## MARKS V. MATTHEWS.

JUDGMENTS: *Presumption as to jurisdiction: Parol evidence to impeach.*

A. recovered against B., in the circuit court, a judgement, in which it is stated that the parties, naming them, appeared by their attorneys, and on motion, and it appearing that B. was indebted to A. in the sum of $180.80, with interest thereon, etc., it was adjudged that A. recover of B. the amount of his debt, etc. The lands of B. were sold under an execution which issued on this judgment, and A. purchased them, and having afterwards obtained the sheriff's deed, took possession. In an action of ejectment, brought by B. against A., to recover the lands, *Held*: That the facts necessary to give jurisdiction to the court rendering the judgment recovered by A. are presumed to exist in the absence of record evidence to the contrary; and parol evidence to show that such judgment was void, for the want of jurisdiction is not admissible in the action of ejectment.

APPEAL from *Cleveland* Circuit Court.
W. D. JOHNSON, Special Judge.

*Met L. Jones,* for appellant.

The court erred in admitting parol testimony to overturn and contradict a positive record of a court of superior jurisdiction. *Boyd v. Roan*, 49 *Ark.*, 397.

BATTLE, J.   Marks recovered a judgment against Matthews in the Dorsey circuit court, and sued out an execution thereon, and caused the sheriff to levy on certain land of Matthews' to satisfy it, and to sell the lands, in accordance with law; and purchased them; and after the expiration of twelve months next succeeding the sale caused the sheriff to convey them to him; and thereafter took possession.   To recover these lands Matthews brings an action of ejectment.

In the trial Matthews introduced parol testimony, over the objection of Marks, to prove that Marks sued him before a justice of the peace; that process in that suit was never served on him; that he made no appearance and authorized no one to appear for him; that judgement was rendered against him by the justice; that he never took an appeal from the judgment of the justice to the circuit court, but an appeal was taken; that he never appeared or authorized any one to appear for him in the circuit court; and that the judgment recovered by Marks as before stated was rendered in said action against him.   It is stated in the judgment that the parties, who were G. M. Marks, plaintiff, Jackson Matthews, defendant, and James Warner, garnishee, appeared by their attorneys, and on motion, and, it appearing that Matthews was indebted to Marks in the sum of $180.80, with interest thereon at the rate of ten per cent per annum from the 23d of January, 1877, until paid, it was considered and adjudged that Marks recover of Matthews the sum of $180.80 for his debt, and the further sum of $23.33 for his damages.   The pleadings and other papers on which this judgment was based were lost, and were not produced or read as evidence in this action.

Matthews recovered judgment for the lands; and Marks moved for a new trial, which was denied, saved exceptions and appealed.

The facts necessary to give the circuit court jurisdiction in the action instituted by Marks against Matthews, in the absence of record evidence to the contrary, are presumed to exist; and the parol evidence introduced by Matthews to contradict this presumption, and to show that the judgment recovered by Marks was void, because the court rendering it did not have jurisdiction, is not admissible in this action. *Boyd v. Roane,* 49 *Ark.,* 397, and *Lessee of Fowler v. Whiteman,* 2 *Ohio St.,* 279.

The judgment of the court below is, therefore, reversed, and this cause is remanded for a new trial. Appellee will, of course, have the right to amend his complaint, or to dismiss and bring a new action in equity to set aside the judgment recovered by Marks and the sale, on any grounds. courts of equity will set aside such judgments and sales, and for the possession of the lands.