KIZER LUMBER COMPANY *v.* MOSELY.

Opinion delivered November 5, 1892.

1.  *Equity—Mechanic's lien.*

    Equity has jurisdiction of a suit to foreclose a mechanic's or material-man's lien.

2.  *Practice—Setting aside decree obtained without notice.*

    A decree by default in an equitable proceeding will not be set aside at a subsequent term upon a motion based on the ground that defendant had no notice of the pendency of the suit ; the proper practice is to file a complaint in equity alleging that defendant had no notice of the pendency of the suit, and also that he had a valid defense thereto.

3.  *Material-man's lien—Continuous account—Limitation.*

    If a material-man begins to furnish materials for the erection of a house without any specific agreement as to the amount to be furnished, or the time within which they are to be furnished, and there is at the time an understanding that further materials may be required of him, and he is afterwards called upon, from time to time and at short intervals, to furnish materials appropriate to the condition and progress of the building, he is entitled to a lien for the materials furnished as under an entire contract, and the last item of the account is the date from which the limitation of the time of filing the lien is to be taken.

4.  *Judicial sale without notice—Relief in equity.*

    A sale to plaintiff of defendant's property by virtue of a decree enforcing a lien will be set aside in equity where defendant had no notice of the pendency of the suit or of the sale until it was too late to protect himself and prevent the disposal of his property under the decree.

Appeal from Miller Circuit Court.

CHARLES E. MITCHEL, Judge.

*W. H. Arnold* for appellant.

1.  The sheriff's return of service is conclusive. Its truth cannot be controverted.   40 Ark. 141 ; 25 *id.* 311 ; 39 *id.* 70 ; 44 *id.* 202.

2.  The motion to set aside the decree is not based upon any of the grounds in sec. 3909, Mansf. Dig. ; but

if it had been, sec. 3911 requires a complaint setting forth the grounds, and a good defense. If not actually served, defendant's remedy was to enjoin. 32 Ark. 459; 53 *id.* 11; 52 *id.* 80.

3. The ninety days commenced to run only from the date of the last item of the account. Jones on Liens, sec. 1435; 44 Md. 453; 3 Col. 255; 2 Disney (Ohio), 544; 40 Mo. 244.

BATTLE, J. This action was brought by appellants against Jacob Mosely, in the Miller circuit court, on the equity side, to enforce a lien for materials furnished the defendant and used by him in building a residence in Miller county, in this State. The summons in the case was returned by the sheriff legally served. The defendant failed to appear at the time at which he was required to do so, and a decree by default was rendered against him in favor of the plaintiffs for $197.82, the amount of the account sued on and interest; and it was ordered that the residence and the fractional block on which it was built be sold to satisfy the same. The property was accordingly sold, and was purchased by the plaintiffs. At a subsequent term the defendant filed two motions, one to set aside the sale and the other to vacate the decree, on the ground that no summons or other process had been served on him and that he had no knowledge of the decree until long after the term at which it was rendered had expired, and his property had been sold. Upon hearing the evidence adduced by the parties as to the service of the summons, the court sustained both motions; set aside the decree and sale; transferred the cause to the law docket; and gave to the defendant permission to file an answer in the original action at the term following. In pursuance of this leave he filed an answer, in which he denied that he was indebted to plaintiffs in the amount sued for, and alleged that he had a running account with plaintiffs, and that the lum-

ber charged to him had been furnished under different contracts, and that he had paid, in part, for the same in hauling and money. The issues joined were tried by a jury, who, after hearing the evidence, returned a verdict for plaintiffs in the sum of $184.10, the amount of the account sued on without interest, and found that plaintiffs were only entitled to a lien for $21.26 ; and judgment was entered accordingly.

1. Jurisdiction of equity

These proceedings were irregular. The circuit court erred in setting aside the decree by default, and transferring the cause to the law docket. It has been held by this court that an action to foreclose a mechanic's lien can be brought on the equity side of the court. *Murray* v. *Rapley*, 30 Ark. 568.

2. Practice as to setting aside decree.

Plaintiffs brought this action and recovered a decree in equity. To set aside the decree the defendant should have proceeded in equity. He undertook to do so by filing a motion. He should have filed a complaint and alleged therein, not only that he had no notice of the pendency of the action, but also that he had a good and valid defense. *State* v. *Hill*, 50 Ark. 458. Overlooking the irregulrity in the proceedings of the court below, we will, for the porposes of substantial justice, treat the motion and answer as a complaint in equity and dispose of the cause accordingly.

3. Limitation as to filing material-man's decree.

We find from the evidence that no process was served upon the defendant, and that he had no notice of the pendency of the action until after the sale. The evidence adduced at the trial proves that he owes to the plaintiffs the sum of $184.10, and interest thereon from the 4th of May, for lumber furnished to build his residence. The lumber was furnished in the year 1887 on nine different days, as follows : March 11, 23, 24, 28, April 1, 4, 7, 14, and May 4; and the account to secure a lien was filed with the clerk of the circuit court of Miller county on the 8th of July, 1887. Only $21.26 was due for lumber

furnished within ninety days before the filing of the account.   The contention of the defendant is, that the plaintiffs only have a lien for the $21.26.   Have they a lien, and, if so, for how much of the amount due them?

Before any one can secure a lien, under the statutes of this State, for materials furnished, he must " file with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situate, and within ninety days after " the materials were furnished, " a just and true account of the demand due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit." Mansfield's Digest, sec. 4406.   If the materials were furnished under one contract, he should file the account within ninety days after the last was delivered ; but if the materials were furnished under separate and distinct contracts, it should be filed under each contract, within, the time limited. *Livermore* v. *Wright*, 33 Mo. 31 ; 2 Jones on Liens, secs. 1431–1434, and cases cited.   If, however, he began to furnish " without any specific agreement as to the amount to be furnished," or the time within which they were to be furnished, and there was a " reasonable expectation that further material " would " be required of him," and he was " afterwards called upon from time to time to furnish the same," he should file it within ninety days after the last item was delivered.   In such a case, if the materials were " furnished at short intervals, and were appropriate to the condition and progress of the building, a presumption would arise that it was understood from the beginning that the " material-man was to furnish the same " for the construction of the building as the same should be required ; and the account therefor should be considered as one continuous account and one demand ; and the last item thereof would be " the date from which the limitations

of the time of filing" should be taken. *Trustees* v. *Heise*, 44 Md. 453 ; *Jones* v. *Swan;* 21 Iowa, 181, 184 ; 2 Jones. on Liens, secs. 1435, 1436, and cases cited.

When the defendant purchased of the plaintiffs the first lot of lumber, he made no contract to buy any other material, but said to them that he might need more. He did need it, and called upon them from time to time to furnish the same, which they did, and charged it to him on account. It was furnished at short intervals, and, it seems, was appropriate to the progress of his house, and he used it in building the same. The presumption is, it was furnished under one contract ; and the amounts due for the same should be treated as one demand. The consequence is, the time for filing the account for all the materials furnished commenced running from the date of the last item of the same, and plaintiffs have a lien for the whole of it.

4. Judicial sale without notice set aside.

As the defendant had no notice of the pendency of the action, and that his property was to be sold, until it was too late to protect himself against the same and prevent the disposal of his property under the decree, it would operate unjustly and as a fraud upon him and give to the plaintiffs an undue advantage to permit the sale to. stand. It was properly set aside.

The order setting aside the sale is, therefore, affirmed, but the order setting aside the decree and the proceedings. subsequent are reversed, and the cause is remanded for the enforcement of the decree which was vacated.