SIBLEY VS. MILLER.

Opinion delivered October 5, 1901.

-1.  *Judgment—Of Another State—Want of Jurisdiction.*

>    In an action upon a judgment rendered in the state of Arkan-
>    sas, it appeared from the complaint that the judgment of the
>    Arkansas court was rendered without sufficient service upon
>    the defendant to confer jurisdiction upon that court. *Held*,
>    that it is not error to sustain a demurrer to such complaint.

2.  *Judgment—Revivor—Insufficient Service—Limitation.*

>    Under Mansf. Dig. Secs. 2922-2925 (Ind. Ter. Stat. Secs. 2602-
>    2605) a judgment may be revived in Arkansas, after a notice
>    setting forth the nature of the cause shall be posted on the
>    court-house door four weeks before the order of revival is
>    made, if the defendant cannot be found in the county. *Held*,
>    that, in an action upon a judgment revised by scire facias pro-
>    ceedings wherein notice was given by publication in a news-
>    paper instead of posting on the court-house door, this revival
>    was insufficient to prevent the running of the statute of limi-
>    tations against the action brought in the Indian Territory
>    upon the judgment thus sought to be revived.

Appeal from the United States court for the Central
district.    W. H. H. Clayton, Judge.

Action by George Sibley against John T. Miller.
Judgment for defendant on demurrer to plaintiff's complaint.
Plaintiff appeals.    Affirmed.

This was an action brought upon two judgments re-
covered against the appellee by the appellant in the circuit
court for Lonoke county, in the state of Arkansas, rendered
on the 2d day of January, 1882, and upon a revivor of each
of said judgments had on the 6th and 10th days of July,

1891, respectively. Appellant filed his complaint in the court below on the 27th day of December, 1897, setting up the two judgments and their revivors by scire facias proceedings, with copies of the judgments and revivors attached as a part of the complaint. Appellee (defendant below) demurred to and answered plaintiff's complaint in the same pleading. The demurrer, which is all that is necessary to be considered in the determination of this case, omitting the caption, is as follows: "Comes now the defendant, John T. Miller, and demurs to the complaint of plaintiff herein because the same does not state facts sufficient to constitute a cause of action against this defendant. Second. Because the complaint shows on its face that the cause of action, if any ever existed, has long since been, and now is, barred by the statute of limitations. Third. Because the pretended revivor of the pretended judgment filed herein, and made a part of plaintiff's complaint, was not and is not a revivor of the judgment, or lien of the judgment, in accordance with the laws of Arkansas, where said pretended judgment was had, or at the time of its attempted revival." On February 3, 1899, this cause was tried to the court on the issues raised by the demurrer, and the court sustained the demurrer on the following grounds: First, because the judgment filed herein has not been revived in conformity with the law; second, that the complaint filed herein shows on its face that the cause of action set up therein has been, and is now, barred by the statute of limitations. And, the appellant (plaintiff below) electing to stand on his complaint, judgment was rendered in favor of the defendant. Appellant's assignments of error are not very definitely outlined, but are, substantially: First, that the court erred in permitting the validity of the judgments sued on to be inquired into upon the demurrer filed herein, as such judgments were not subject to collateral attack; second, the court erred in holding that the judgments sued on herein were not properly re-

(45)

vived, and therefore the action thereon was barred by the statute of limitations; third, that the court erred in sustaining the demurrer herein.

*George Sibley*, for appellant. *P. D. Brewer* and *J. A. Hale*, for appellee.

GILL, J.   Counsel for appellant in his brief says that the court below erred in permitting an inquiry into the validity of the judgments sued on, and allowing the same to be collaterally attacked; that the records of a judgment of a superior court of general jurisdiction, according to the old rule, "import absolute verity, and nothing can be averred against it;" and that, under the constitution of the United States (article 4, § 1), such judgments are conclusive of their recitals, and full faith and credit should be given them. This is doubtless true where, to use the language of appellant's counsel, such judgments "upon their face appear to be free from the vices or imfirmities to which inquiry under the single case cited may be made," citing Cole vs. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538. Freeman, in his work on Judgments, under the head of "Void Judgments" (par. 116), speaking upon this subject, says: " *   *   * A judgment was said to be void if it 'emanated from a court of limited jurisdiction, not acting within its legitimate prerogative, or in a court of general jurisdiction, where the parties are not actually or by legal construction before the court and subject to its jurisdiction. Judgments of courts of general or competent jurisdiction are not considered under any circumstances as mere nullities, but as records importing absolute verity, and of binding efficacy until reversed by a competent appellate tribunal. They are voidable, not void. Ponder vs. Moseley, 2 Fla. 267, 48 Am. Dec. 194.' This language goes beyond what would anywhere be regarded as sound principle, if it is to be understood that all judgments of courts of general jurisdiction, having juris-

diction over the subject-matter, are valid. To hold a judgment binding when the record disclosed a want of authority over the defendant would be to impeach, rather than to sustain, the absolute verity of the record. * * * " We think that counsel for appellee state the correct rule of law in their brief, wherein they say "that a superior court need not recite in its record jurisdictional facts, so as to impart validity to its judgments when collaterally attacked; but if the judgment of such a court purports to recite the facts giving it jurisdiction, and, in so doing, discloses a want of the same, the judgment is nullity, and may be collaterally attacked at any time." In this case the judgments of revivor state how service was had, and, in so doing, disclose the fact that it was not had in compliance with the statute, but was had in a manner other and different than that pointed out specifically by the statute, and the want of jurisdiction apparent on the record is subject to be raised upon demurrer; and we do not think that the court below committed any error in allowing the matter to be raised and considered on demurrer.

The second assignment of error is that the court below erred in holding that the judgments sued on herein were not properly revived, and that the action on them was barred by the statute of limitations. An examination of the record shows that the action upon the said judgments was barred by the statute of limitations unless the judgments had been properly revived. Appellant contends that the provisions of Mansfield's Digest pointing out the manner in which judgments may be revived by scire facias, have been, in effect, repealed by a later statute in said digest concerning constructive service by publication in a newspaper, but have been, through oversight or otherwise, improperly incorporated in said digest by the compilers thereof. We do not think this is correct. An examination of sections 3922, 3923, 3924, and 3925 of Mansfield's Digest (sections 2602, 2603,

2604, and 2605, Ind. T. Ann. St. 1899), shows that said sections have relation, more particularly, to the reviving of judgments where it is desired to preserve the same as a lien upon any real property of the defendant, or to proceedings in rem. We think the provisions of the statute with respect to constructive service by publication apply to a different class of cases. The service of the writ of scire facias, having been attempted to be made by publication in a newspaper, instead of by posting on the court-house door a copy of the order of the court, was not made as required by section 3924, Mansf. Dig. (section 2604, Ind. T. Ann. St. 1899), respecting revivor of judgments by scire facias, and was therefore of no effect; and we think the court below properly held that, the judgments sued on not having been revived according to law, recovery thereon was barred by the statute of limitations. We do not think it necessary to examine any further the other propositions discussed by counsel for appellants and appellee in their briefs.

The third assignment of error, that the court erred in sustaining the demurrer, is not good, for the reasons above stated, and the judgment of the court below is affirmed.

TOWNSEND, C. J., and RAYMOND, J., concur.