PLUMMER vs M. D. WELLS & Co.

Opinion delivered October 27, 1906.

(90 S. W. Rep. 303).

1. *Judgments—Collateral Attack, Not Subject to When it Appears on Its Face that Court Rendering same had Jurisdiction.*

When the judgment of a Domestic Court of record comes collaterally in question, the presumption that the court had jurisdiction of the subject-matter and parties is irrefragable and conclusive, unless want of jurisdiction distinctly appears on the face of the record.

2. *Administrators—Waiver of Requirement for Filing Claim with Clerk After Disallowance By.*

The statutory requirement to the effect that where a claim must be filed with the Clerk of the proper court within two years after disallowance by the administrator is waived by said administration by his appearance and defence to an action for said claim. The object of the notice being thereby accomplished.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice Wm. H. H. Clayton, March 5, 1904.

Action by M. D. Wells & Co. against Charles W. Plummer, as administrator of the estate of E. J. Lloyd, deceased. From a judgment sustaining exceptions to a master's report, disallowing the claim sued on, the administrator appeals. Affirmed.

This action is a claim filed by the plaintiffs (appellees) with the clerk of the court of the central district at Atoka against the defendant (appellant), asking that said claim be allowed by the court, after the same had been disallowed by the defendant. The claim was filed in August, 1902, and was a judgment rendered in favor of the plaintiffs against W. A. Durant & Co., a firm composed of W. A. Durant and Gregg Lloyd (E. G. Lloyd), in the United States Court at Atoka on the 13th day of November, 1897; the defendant herein being the administrator of the estate of said E. G. Lloyd. The defendant filed his answer to the application of plaintiffs for the allowance of said claim, and alleges that said judgment is void on the ground that no notice, actual or constructive, was ever had on said decedent, E. G. Lloyd, prior to the rendering of said judgment; that there was no service, and no appearance in person or by authorized attorney or agent, and said judgment was, therefore, absolutely void; that said claim was never properly exhibited as provided by law; and that after said claim was disallowed the same has never been filed with the clerk of this court. Defendant further avers that if plaintiffs desire to revise the action of defendant, as administrator, by the court, either within two years from granting the letters of administration, or from the date of disallowance of said claim, the same should have been filed with the clerk of this court. Such was not done, and therefore plaintiffs are barred from further action in this court. By order of court said claim was referred to the master in probate, who took testimony, and on September 30, 1902, filed his report, both upon the law and the facts.

The master, after stating the contentions made by both plaintiffs and defendant, and the evidence taken by him, makes his findings as follows: "(1) That the judgment, upon which this claim is based, upon its face appears to be regular,

and recites facts sufficient to give the court jurisdiction of the parties and the subject-matter in controversy. (2) That this claim was exhibited to the administrator within two years from the date of granting letters of administration. (3) That the original claim was never filed with the clerk of this court. (4) The master concludes that the claim was regularly exhibited to the administrator, and properly authenticated. (5) The master finds, as a matter of law, that the exhibition of the claim to the administrator, properly authenticated, arrests the statute of nonclaim, and that the law does not limit the time of presentation to the Probate Court for classification. (6) The master concludes that there was never any service had upon the decedent, E. G. Lloyd, in the case of M. D. Wells & Co. vs W. A. Durant & Co. (7) That the decedent, E. G. Lloyd, did not make an appearance in said case, either in person or by agent or attorney. (8) That the decedent, E. G. Lloyd, did not confess judgment in said case, either in person or by agent or attorney. (9) The master finds that W. A. Durant did not have any authority to enter an appearance or confess judgment for the decedent, E. G. Lloyd, in said case. (10) That the appearance made by W. A. Durant for the firm of W. A. Durant & Co., and the confession of judgment by him for the company, would not be binding on the decedent, E. G. Lloyd. (11) The master finds that the judgment of M. D. Wells & Co. against W. A. Durant & Co. is void as to the decedent, E. G. Lloyd. (12) The master finds, as a matter of law, that where process has not been served in any manner, and jurisdiction rests entirely upon the appearance of an attorney on behalf of the defendant, jurisdiction in such cases is always open to question, even upon facts affirmatively asserted in the record, and that, where the want of jurisdiction is made the question in such cases, this may be set up where a judgment is sought to be enforced, or any benefit is claimed under it. In view of the foregoing

findings, the master, therefore, recommends that the action of the administrator in disallowing the claim of M. D. Wells & Co. be approved and affirmed."

On October 8, 1902, plaintiffs filed their exceptions to the report of the master in probate, as follows: "(1) Said master had no jurisdiction to hear and determine the question of fact in this controversy. (2) Said master had no jurisdiction to hear and determine the questions of law involved in this controversy. (3) The sixth finding of the master is not supported by the evidence or the law in the case, and is contrary to both. (4) The seventh finding of the master is not supported by the evidence or the law in this case, and is contrary to both. (5) The eighth finding of the master is not supported by the evidence or the law in this case, and is contrary to both. (6) The ninth finding of the master is not supported by the evidence or the law in this case, and is contrary to both. (7) The tenth finding of the master is not supported by the evidence or the law in this case, and is contrary to both. (8) The eleventh finding of the master is not supported by the evidence or the law in this case, and is contrary to both. (9) The twelfth finding of the master is not supported by the evidence or the law in this case, and is contrary to both. (10) Further excepting, the plaintiffs say that the master erred in overruling the objection of the plaintiff to the evidence of W. A. Durant, which evidence was offered by the defendant and received by the master over the objection of the plaintiff for the purpose of contradicting and impeaching the judgment which is the basis of the claim against the estate in this action. (11) And the master further erred in overruling the objection of the plaintiff to the evidence of the witness R. L. Williams, which was offered by defendant and received by the master for the purpose of contradicting and impeaching the judgment which is the basis of the plaintiff's claim in this action. (12) And plaintiffs

further except to action of said master in refusing to find in favor of the plaintiffs for the allowance of said claim, and except to his action in finding in favor of the defendant in allowance. of said claim."

On March 5, 1904, the court, being well and sufficiently advised, passed upon said exceptions and rendered judgment as hereinafter stated: "Exception No. 1 was overruled, and plaintiffs then and there duly excepted, and saved their exception to such action of the court. Further, exception No. 2 was then and there overruled, and plaintiffs then and there likewise saved their exceptions. Further, exception No. 3 was overruled, and plaintiffs then and there saved their exceptions. Further, exception No. 4 was then and there ruled upon by the court as follows: Said court holding that the facts as found by the master in probate in his seventh finding were supported by the evidence introduced before the master, but sustained exception 4 of the plaintiffs as to the law in the case, holding that under the law in the Probate Court it is not permissible to set aside a judgment of the District Court in this manner, to which action of the court the defendant then and there duly excepted and still excepts; and, as to the action of the court in overruling plaintiffs' exception as to the finding of the probate commissioner as to the facts, the plaintiffs then and there excepted and still except. Further, exception 5, contending that the eighth finding of the master was not supported by the evidence, was overruled by the court, to which action of the court the plaintiffs then and there excepted. And said exception as to the finding of the master, not being supported by the law in the case, was sustained by the court, to which action of the court, the defendant then and there excepted and still excepts. Further, exception 6 by the plaintiffs, contending that the ninth finding of the probate com-

missioner was not supported by the evidence, was overruled, and plaintiffs then and there duly saved their exceptions to such action of the court. And exception 6 of the plaintiffs, contending that the ninth finding of the master was not supported by the law in the case, was sustained by the court, to which action of the court the defendant then and there excepted and still excepts. Further, exception 7 on the part of the plaintiffs, setting forth that the tenth finding of the master in probate was not supported by the evidence, was overruled, to which action of the court plaintiffs then and there excepted and still except. And the said exception of the plaintiffs setting forth that the tenth finding of the master was not supported by the law in the case was sustained, to which action of the court the defendant then and there excepted and still excepts. Further, exception 8 on the part of the plaintiffs, setting forth that the eleventh finding of the master in probate is not supported by the evidence, was overruled, to which action of the court plaintiffs then and there excepted and still except. And the said exception of the plaintiffs as to the eleventh finding of the said master, being not supported by the law in the case, was sustained by the court, to which action of the court the defendant then and there excepted and still excepts. Further, exception 10 of the plaintiffs, wherein plaintiffs assign as ground of exception that the master erred in overruling the objection of plaintiffs as to the evidence of W. A. Durant, was sustained, to which action of the court the defendant then and there excepted and still excepts. Further, exception 11 of the plaintiffs, setting forth that the master erred in overruling the objection of plaintiffs to the evidence of R. L. Williams, was sustained, to which action of the court the defendant then and there excepted and still excepts. Further, exception 11 of the plaintiffs as to the twelfth finding of the master, not being supported by the evidence, was over ruled, to which action of the court the plaintiff then and there

excepted and still excepts. And said exception as to the said finding of the master, not being supported by the law in the case, was sustained by the court, to which action of the court the defendant then and there excepted and still excepts. Further, said exception 12 on the part of plaintiffs, excepting to the action of the master in refusing to find in favor of the plaintiffs for the allowance of said claim, was sustained by the court, said court holding that as a matter of law the probate commissioner should have found in favor of the plaintiffs on the ground that the said Probate Court had no jurisdiction to impeach the judgment ordered in said case in the United States District Court, to which action of the court the defendant then and there excepted and still excepts. And the court then and there found in favor of the plaintiffs in the sum of $548.90, with interest thereon from the 13th day of November, 1897, to which action of the court the defendant then and there excepted and still excepts."

On same day defendant (appellant) filed his motion for new trial, which was overruled by the court, and defendant appealed to this court.

*A. T. West* and *R. L. Williams*, for appellant.

*T. B. Wilkins* and *J. G. Ralls*, for appellees.

TOWNSEND, J. The appellant has filed 15 specifications of error, but considers them all under one argument. The court below sustained the exceptions filed to the report of the master, wherein the master found as a matter of law that the judgment sought to be proven by the appellees against the appellant, as administrator of the estate of E. G. Lloyd, deceased, could not be proven, for the reason that the court rendering the judgment had no jurisdiction of the person of said E. G. Lloyd at the

time of the rendition of the same. The record of said judgment is as follows: "Record United States Court, in the Indian Territory, Central District, at Atoka. Saturday, November 13th, 1897. No. 100. M. D. Wells & Company, vs W. A. Durant & Company. On this day this cause came on to be heard, and both plaintiffs and defendants appearing by their attorneys, and the defendant, W. A. Durant appeared in person. It appeared to the court that plaintiffs' cause of action is founded upon a verified account, and that the same is just and due, and no denial or defense thereto was entered by defendants, but defendants confessed judgment in the sum of five hundred forty-eight dollars and ninety cents. Wherefore, it is ordered, adjudged, and decreed that plaintiffs, M. D. Wells & Company, a firm composed of M. D. Wells, Henry J. McFarland, and Brenton R. Wells, do have and recover of defendants, W. A. Durant & Company, a firm composed of W. A. Durant and Gregg Lloyd, and of and against each of said firm, the just and true sum of five hundred and forty-eight dollars and ninety cents ($548.90), together with interest thereon from this date, November 13th, 1897, at the rate of 6 per cent. per annum, and for all costs in this behalf expended, for all of which let execution issue." It thus appears that said judgment was rendered in the United States Court at Atoka, I. T., on November 13, 1897. On December 4, 1899, the appellant was appointed and qualified as administrator of the estate of E. G. Lloyd, deceased, by the Probate Court at Atoka, I. T. On February 26, 1901, said appellant filed his first annual report, which states that said claim had been presented to him as such administrator, and by him disallowed, and on August 23, 1902, the claim was presented to and asked to be allowed by the court, and was by the court referred to the probate commissioner.

The appellant states his contention as follows: "The controlling point in this case is whether or not the District

Court at Atoka, sitting in the capacity of a Probate Court, had jurisdiction to set aside or disallow (the claim founded on) this judgment on the ground that the same was obtained on the common-law side of the docket in said District Court, although without any service on the decedent, E. G. Lloyd, and therefore having no jurisdiction over him." Appellant contends that a Probate Court in Arkansas is a superior court, and that the United States District Court, in addition to its common-law jurisdiction, also has probate jurisdiction, and "our contention is that this is a direct proceeding, and that the order of this Probate Court, which is a judgment, in disallowing or allowing this judgment, would be conclusive and res adjudicata against that judgment, and therefore it is not a collateral proceeding, but a direct proceeding in a court that had jurisdiction to determine all the issues."

Under his specifications of error Nos. 7 and 8 appellant sets out the testimony of W. A. Durant and R. L. Williams, to prove that there was no service or appearance, either in person or by attorney, of the said E. G. Lloyd at the time said judgment was taken against him, and cites section 5201, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 3406), as follows: "All judgments, orders, sentences and decrees made, rendered or pronounced by any of the courts of this state, against any one without notice, actual or constructive, and all proceedings had under such judgments, orders, sentences or decrees, shall be absolutely null and void"—to establish the proposition that the said judgment was void. But appellees contend that this is a collateral attack in the Probate Court upon a judgment of the District Court, both in the central district, Indian Terirtory, sitting at Atoka, I. T., and that the law applicable to setting aside domestic judgments must apply. In Black on Judgments, vol. 2, § 897, it is said: "Except in a very few states, the doctrine is firmly settled that, when the judgment

of a domestic court of record comes collaterally in question, the presumption that the court had jurisdiction of the subject and parties is irrefragable and conclusive, unless want of jurisdiction distinctly appears on the face of the record."

Appellee cites Mansf. Dig. § 5202 (Ind. Ter. Ann. St. 1899, § 3407): "In all cases where it appears, from a recital in the records of any such court, that such notice has been given, it shall be evidence of such fact"—which provides that, where the record recites that such notice has been given, it shall be evidence of that fact, and cites Boyd vs Roane, 49 Ark. 397, 5 S. W. 704, which says: "It is generally thought to be better that the doctrine that the record importing absolute verity should work an occasional hardship than that public confidence should be shaken in the stability of judicial proceedings by suffering them to be lightly overturned; and for this reason the weight of authority, in the case of a domestic judgment collaterally attacked, is that the question of notice or no notice must be tried by the court upon an inspection of the record only. Freeman on Judgments, § 124 et seq.; Crepps vs Durden, 1 Smith Lead. Cas. pt. 2 (8th Ed.) p. 1139 et seq. Guided by this rule, we turn to the decree under consideration. It is in the following form, viz.: 'J. J. Busby vs M. L. Bell et al. Now on this day this cause came on to be heard, and come the parties to said cause, by their respective attorneys, and by consent it is ordered,' " etc. And on page 413 of 49 Ark., page 708 of 5 S. W., the court says: "It is not necessary that jurisdictional facts should appear of record in a court of general jurisdiction. That was the main question at issue in Borden vs State, 11 Ark. 519, and the previous cases of this court, holding that the facts must so appear were there overruled. Baskins vs Wyld, 39 Ark. 351, 352; Byrd vs Clendenin, 11 Ark. 572; Harrison vs Lamar, 33 Ark. 828; Applegate vs Lexington, 117 U. S. 269, 6 Sup. Ct. 742, 29 L. Ed. 892. The repeated

assertion of this court that a judgment of a court of competent jurisdiction can be impeached only on appeal or writ of error, or in some direct proceeding taken to vacate it, precludes the idea that evidence outside of the record can be heard for that purpose. The case of Cato vs Stewart, 28 Ark. 146, is authority in point. That was an unsuccessful attempt to contradict the recital of a domestic judgment to the effect that the defendant had appeared by attorney. The fact of service here, however, is raised by presumption, and not proved by recital. 'But the better opinion would seem to be,' say the learned annotators of Smith's Leading Cases, 'that the silence of the record will not make way for evidence that would not have been admissible if it had spoken,' and they cite Borden vs State as authority to that point. 1 Smith's Leading Cases, pt. 2 (8th Ed.) p. 1139. 'To say,' continue the annotators, 'that the record is void unless it contains an entry of the service of process, and yet hold that a false entry that process has been served will preclude inquiry or denial, would seem to be equally inconsistent with itself and with reason. Every entry of record derives its weight from the same source, and' an entry of judgment should have at least equal authority with an entry of service.' "

Appellees insist that the record of service in the case at bar comes under the rule laid down in this case, and that the record of service cannot be attacked by evidence aliunde. Appellees also contend, under section 3912, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 2592), which is as follows: "A judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment"—that it must be shown that there is a valid defense before a judgment shall be set aside, and cite

Chambliss vs Reppy, 54 Ark. 541, 542, 16 S. W. 571. The court says: "If the judgment was in fact obtained by the plaintiff's attorney upon the representation that there was a return of service of process, when in fact there had been no service and no return of service by the officer, then the judgment was obtained through 'fraud practiced by the successful party,' within the meaning of the fourth subdivision of section 3909, supra, even though the attorney acted under a misapprehension of the true state of facts. But section 3912 of Mansfield's Digest, which is a part of the same chapter of the Civil Code of Procedure from which section 3909 is taken, provides that such a judgment shall not be vacated 'until it is adjudged that there is a valid defense to the action in which the judgment was rendered.'" In Kizer Lumber Co. vs Mosely, 56 Ark. 544, 20 S. W. 409, the court held: "A decree by default in an equitable proceeding will not be set aside at a subsequent term upon a motion based on the grounds that the defendant had no notice of the pendency of the suit. The proper practice is to file a complaint in equity, alleging that the defendant had no notice of the pendency of the suit, and also that he had a valid defense thereto."

It seems to be settled that it is not necessary for the judgment to recite the jurisdictional facts, but, if the judgment itself recite jurisdictional facts, the same cannot be contradicted by evidence aliunde in a collateral proceeding. The decisions of the Supreme Court of Arkansas are harmonious on the question of collateral attack on the judgments, and many of these decisions are to be found. Tally, Administrator, vs Reynolds, 1 Ark. 99, 31 Am. Dec. 737; Borden vs State, 11 Ark. 519; Boyd et al. vs Roane et al., 49 Ark. 397, 5 S. W. 704; Marks vs Matthews, 50 Ark. 338, 7 S. W. 303; Cato and Wife vs Stewart, 28 Ark. 146; Harrison vs Lamar, 33 Ark. 824; Denton vs Roddy, 34 Ark. 642; Holland and Wife vs Burris,

28 Ark. 171; Chollar et al. vs Temple, 39 Ark. 238; Kizer Lumber
Co. vs Mosely, 56 Ark. 544, 20 S. W. 409; Wilkerson vs Schoon-
maker et al. (Tex. Sup.) 14 S. W. 223, 19 Am. St. Rep. 803;
Sibley vs Miller (Ind. Ter.) 64 S. W. 577; Heck vs Martin (Tex.
Sup.) 13 S. W. 51, 16 Am. St. Rep. 915; Williams vs Hays
(Tex. Sup.) 13 S. W. 1029, 19 Am. St. Rep. 752. Black on
Judgments, vol. 1, § 273, says: "Hence a recital in a judgment
that the original process was served on the defendant, or that
publication (when allowed in lieu of service of process) was
made, or that the party appeared by attorney or by answer, is
conclusive when the record is collaterally put in issue, unless
the recital is positively contradicted by the record itself. * *
So in an action against two defendants jointly, on a promissory
note, personal service was had on one of them, and the other
was served by publication. The record did not show that the
latter had filed any pleadings in the case, but the judgment
of the court recited that 'both parties waived a jury, and sub-
mitted the cause to the court upon the law and facts'; and it
was held that the record disclosed a personal appearance of
both defendants, and the recitals of the judgment were con-
clusive. A very strong application of this rule of ascribing
absolute verity to the record was made in a recent case in Texas
It was a collateral attack upon the judgment of a domestic
court of general jurisdiction, and the nullity of the judgment
for want of jurisdiction over the person of the defendant was
insisted on because the return upon the writ of citation showed
that the alleged publication, as therein recited, could not have
been made. The judgment, however, recited that the defendant
failed to appear and answer, 'but wholly made default, although
duly cited with process.' It was held that, to determine whether
the record shows affirmatively that there was proper service,
the whole of it must be considered together, and that the recital
in the judgment, which was the last act of the court in the
case, that the defendant was 'duly cited,' imported absolute

verity." The judgment sought to be attacked in this case
recited that "on this day this cause came on to be heard, and
both plaintiffs and defendants appearing by their attorneys
and the defendant W. A. Durant appeared in person." We
are satisfied that the proceeding before the Probate Court was
not a direct, but a collateral, attack upon a domestic judgment
of a court of general jurisdiction, and, it being satisfactorily
shown by the record that this court had jurisdiction of the
parties and the subject-matter, said judgment cannot be at-
tacked in this proceeding.

The second contention of appellant, that the claim was
never properly exhibited within two years, as required by law,
was answered by the master as follows: "(2) That this claim
was exhibited to the administrator within two years from the
date of granting letters of administration." And the third
contention of appellant: "That said claim, after it was dis-
allowed by the administrator, was never filed with the clerk
of the proper court, alleging in substance that if the claimants,
the appellees herein, desired to have the action of the admin-
istrator revised by the proper court, within two years from
the date of the notice of the granting of letters of administration
the said claim should have been filed with the clerk of said
court, or at least within two years from the date of its final
disallowance, and that said claim was therefore barred"—was
waived by his appearance and defense in this case. See Bellows,
Adm'r, vs Cheek, 20 Ark. 431. "The notice which the statute
requires to be given to the administrator of the intended ap-
plication to the Probate Court for the allowance of a claim
answers the purpose of the writ in the ordinary actions. Its
object is to afford the administrator an opportunity of appearing
before the court and contesting the demand. But in this case
the appellant appeared and depended upon the merits, and
thus the object of the notice was accomplished, or, in other

words, notice was waived. Pennington, Adm'r, vs Gibson, 1 Eng. R. 447."

Hence the judgment of the court below, in rendering judgment for the appellees, was correct, and it is hereby affirmed.

GILL, J., concurs. RAYMOND, C. J., not participating.