## HOCKER v. JOHNSON *et al.*

No. 2637.   Opinion Filed April 29, 1913.

(131 Pac. 1094.)

**JUDGMENT—Jurisdiction—Presumption.** Under the laws in force in the Indian Territory prior to the erection of the state when the judgment of a domestic court of record comes collaterally into question, the presumption that the court had jurisdiction of the subject-matter and parties is irrefragable and conclusive, unless want of jurisdiction distinctly appears on the face of the record, following **Plummer v. M. D. Wells & Co.,** 6. Ind. T. 189, 90 S. W. 303.

(Syllabus by the Court.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by L. C. Hocker against E. B. Johnson and John Madden. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with instructions.

*Rennie, Hocker & Moore,* for plaintiff in error.
*J. F. Sharp* and *J. B. Dudley,* for defendants in error.

WILLIAMS, J.   The plaintiff in error, L. C. Hocker, as plaintiff, sued the defendants in error, E. B. Johnson and John Madden, as defendants, in a replevin action to recover possession of a certain house which had been removed by the said defendants from a certain tract of land allotted to Arennie Lewis as a member of the Choctaw Tribe of Indians. The heirs of said Lewis conveyed said land to L. C. Hocker. In 1904 one Lindsay brought suit against E. B. Johnson and those claiming under him for the possession of the same. By agreement Johnson received the rents for 1904 and was to occupy said land for the year 1905, paying as rent thereon $2.50 per acre for all of the land that was in a state of cultivation.   Johnson held the land for the year 1905,

letting the same to the said John Madden as his tenant. At the end of his said term Madden refused to vacate, and L. C. Hocker instituted an ejectment action against said Johnson and his tenant, Madden, in the United States Court for the Southern District of the Indian Territory, at Purcell. On November 12, 1906, judgment was rendered for the possession of the same against the said E. B. Johnson; the cause having been dismissed as to said Madden. The house in question was occupied during 1905 by Madden, holding under Johnson, and in 1906 by Lee Dover, under Madden. During 1907 Lee Dover occupied under contract with John C. Adams, as tenant of L. C. Hocker.

The plaintiff specially pleaded the relation of landlord and tenant and the judgment in the ejectment action. The defendants by answer pleaded that the judgment was fraudulently obtained in that Johnson had been informed by the plaintiff that the case would be dismissed, and for that reason did not appear. To this answer a demurrer having been filed was overruled and then a reply filed. The case was tried to the court without a jury. The issues were found in favor of the defendant, and judgment rendered accordingly.

The judgment rendered against the defendant, E. B. Johnson, recited as follows:

"On this day comes the plaintiff, by his attorney, J. W. Hocker, and dismisses the same as to the defendant John Madden and announces ready for trial as to the defendant E. B. Johnson, and said defendant comes not, and the court finding that said defendant E. B. Johnson has been legally served with summons herein, and not having answered herein, and having been called three times, still comes not but wholly makes default, and the plaintiff introduces his testimony as to right of possession to the land sued for and waiving damages, the court finds for the plaintiff that he is entitled to the possession of the lands in controversy."

The controlling question in this case is as to whether the trial court erred in overruling plaintiff's demurrer to the answer of defendants. The judgment upon which plaintiff

in error relied having been rendered in the United States Court for the Indian Territory under the laws then existing, the rights thereunder were not affected by the change in the form of government. *Armstrong, Byrd & Co. v. Phillips,* 28 Okla. 808, 115 Pac. 870; section 365, Williams' Ann. Const. Okla., and citations thereunder.

Under the authority of *Southern Pine Lumber Co. et al. v. Ward et al.,* 16 Okla. 131, 85 Pac. 459, this judgment is sought to be attacked in this manner on the ground of fraud on the theory that the plaintiff in error in claiming the benefit under such proceeding, the validity of the proceeding under which the judgment was rendered may be inquired into. Regardless of what may be the rule here now, that was not the case under the laws in force under which the judgment was rendered.

In *Plummer v. Wells & Co.,* 6 Ind. T. 189, 90 S. W. 303, the judgment relied on was presented to Plummer, administrator, for allowance as a claim against the estate of his intestate. Objection was made to its allowance on the ground that the judgment was rendered without any service either having been had upon or any appearance made by his intestate. The cause was referred to a probate commissioner, who found such to be the facts and so reported to the court. Judgment, however, was rendered against the administrator on the ground that, the judgment having been rendered by a court of record, service and jurisdiction were presumed, and such presumption was irrefragable and conclusive, unless the want of jurisdiction appears in the face of the record.

Again, where the party relies upon the verbal assurances of the attorney of the opposing party that no judgment would be taken, but that the cause would be dismissed, and in violation of this verbal agreement judgment is taken by default, it is a serious question whether the party relying upon such verbal assurances is so free from laches as to be

able to show such diligence as is required to avoid the judgment. *Norman v. Burns,* 67 Ala. 248; *Ex' parte. Wallace,* 60 Ala. 267; *Collier et ux. v. Falk,* 66 Ala. 223; *Collier v. Parish,* 147 Ala. 526, 41 South. 772. However, it is not essential to determine the question here.

·The judgment of the trial court is reversed, and the cause remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.