TOWN OF WATONGA v. CRANE CO.

No. 29676.   Jan. 28, 1941.

Rehearing Denied July 1, 1941.

*114 P. 2d 941.*

Falkenstine & Fisher, of Watonga, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, of Oklahoma City, for defendant in error.

PER CURIAM. On March 21, 1924, the defendant in error, hereinafter referred to as plaintiff, instituted an action against the plaintiff in error, hereinafter referred to as defendant, to recover an alleged balance due on the sale of certain goods, wares, and merchandise which had been sold and delivered to the defendant in July, 1924. Trial was had to the court without the intervention of a jury on January 6, 1930, and resulted in a judgment in favor of the plaintiff. On June 28, 1933, the defendant filed a motion to vacate said judgment on the grounds that the same was void on its face and had been obtained by fraud and collusion. The aforesaid motion was heard and denied on October 20, 1939, and the defendant has appealed by transcript from the order which denied said motion.

The defendant assigns six specifications of error, which are presented and discussed under three general propositions which resolve themselves into a single contention, to wit, that the judgment sought to be vacated was void on its face, and therefore subject to vacation on motion at any time. The defendant cites numerous cases from this and other jurisdictions which are not germane to the determinative question here presented, and for this reason we will not undertake to review them or to discuss such cases in detail.

As said in the case of Crowther v. Schoonover, 130 Okla. 249, 266 P. 777:

"The provision of the statute that a void judgment may be vacated at any time on motion applies only when the invalidity of the judgment appears on the face of the judgment roll."

And, as said in Leonard v. Tulsa Bldg. & Loan Ass'n, 184 Okla. 558, 88 P. 2d 875:

"The judgment roll or record proper consists of the petition, process, return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court."

A judgment is void on its face when the judgment roll affirmatively shows that the trial court lacked either (1) jurisdiction over the person; (2) jurisdiction over the subject matter; or (3) judicial power to render the particular judgment. Morgan v. Karcher, 81 Okla. 210, 197 P. 433.

The judgment roll in the case at bar consists of the petition, process, return, and judgment. The petition alleged the sale and delivery of certain goods, wares, and merchandise to the defendant and the payment by the defendant of a part of the purchase price and its neglect and failure to pay the balance

of such purchase price, and that the defendant was justly indebted to the plaintiff for the balance unpaid. This was sufficient to state a cause of action. Gibson v. Dizney, 72 Okla. 69, 178 P. 124. The process and return show that the defendant had been duly served with summons in the manner required by law. The journal entry recites that the matter came on for trial pursuant to regular assignment, and that both parties appeared and announced ready for trial, and that a trial of the issues was had upon evidence introduced by the respective parties, and that the judgment of the court was based upon such evidence. That the court had jurisdiction over the parties and the subject matter is too apparent to require the citation of authorities. It therefore remains to inquire whether the court had judicial power to render the particular judgment which it did. The defendant takes the position that the court did not have such power by reason of requirements of chapter 106, S. L. 1925 (sections 5976-5979, O. S. 1931, 62 Okla. St. Ann. §§ 361-364). Under the provisions of the statute cited above, a plaintiff is required to make specific proof of certain matters before any court is authorized to render a judgment in favor of such plaintiff against a municipality of this state. The defendant takes the position that, since the journal entry of judgment does not recite that such proof was made, it therefore follows that it was not made. The cases cited by the defendant which deal with situations wherein direct appeals were presented from judgments rendered and where the evidence was brought up on appeal cannot be applied to the situation here presented, since the record which defendant has submitted nowhere shows that the required proof was not made, but on the contrary does show that the judgment was entered upon consideration of evidence and proof offered by both parties. In such situation, if any presumption is to be indulged, it is that the evidence offered and received was such as to meet the requirements of the statute. As said in Protest St. Louis & S. F. R. Co., 157 Okla. 131, 11 P. 2d 189:

"All presumptions are in favor of the validity of judgments of courts of general jurisdiction. Thomason v. Thompson, 123 Okla. 218, 253 P. 99. When a court of competent jurisdiction has rendered judgment in relation to any subject within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgment, and where facts are required to be proved to confer jurisdiction, that such facts were duly proved, although the record was silent upon the matter. Kehlier v. Smith, 112 Okla. 183, 240 P. 708. Unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it rendered. Bowling v. Merry, 91 Okla. 176, 217 P. 404; Hawkins v. Bryan, 128 Okla. 27, 261 P. 167; Orth v. Hajek, 127 Okla. 59, 259 P. 854; Greer v. McNeal, 11 Okla. 519, 69 P. 891; Hocker v. Johnson, 38 Okla. 60, 131 P. 1094."

Since it does not appear from the judgment roll affirmatively that the judgment sought to be vacated was void, it follows that the trial court did not commit error in denying the motion to vacate the judgment.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and BAYLESS, HURST, and DAVISON, JJ., concur.