GUNTER BROTHERS LUMBER COMPANY
*v.* Jimmy R. LAUNIUS, and Wife, Elizabeth LAUNIUS

CA 83-252                                    669 S.W.2d 205

Court of Appeals of Arkansas
Division II
Opinion delivered May 2, 1984

*Eric W. Bishop,* for appellant.

*Dowd, Harrelson & Moore,* for appellee.

Tom Glaze, Judge. This case arose from appellees' purchase of a home that Bennie Montgomery and his wife were building in the North Hills Subdivision in Ashdown, Arkansas. Appellant supplied Montgomery with building materials which were delivered to and used in the con-

struction of appellees' home. Appellees paid the contractor, Montgomery, but Montgomery failed to pay the appellant, the supplier of the materials. As a consequence, appellant filed its lien against the appellees' property. It is undisputed that neither Montgomery nor appellant gave appellees the notice required under Ark. Stat. Ann. § 51-608.1 *et seq.* (Supp. 1983), that their property could be subject to a lien if persons supplying materials to improve the property were not paid in full. No such notice was required prior to §§ 51-608.1 *et seq.*, which became effective on October 1, 1979. The issue in this appeal springs from the fact that appellant supplied and delivered materials to appellees' homesite twice before October 1, 1979. Its other deliveries, a total of nineteen, came after October 1. Appellant argues that because it commenced deliveries to the worksite before the effective date of the new statutes, notice to appellees was not required. The trial court rejected this argument, finding that appellant had no valid, enforceable lien for the materials furnished after October 1, 1979; however, it found appellant entitled to a lien for $887.84, covering the two deliveries prior to that date. We believe the trial court's findings were correct.

Relying on *Kizer Lumber Co.* v. *Mosley*, 56 Ark. 516, 20 S.W. 409 (1892), appellant contends the materials sent to appellees' homesite were supplied under a single or executory contract that existed at the time the first materials were delivered — September 27, 1979. Thus, appellant concludes, if the new statutory notice provisions were construed to apply to an agreement preceding their effective date, such a construction or application would be an impairment of a contract prohibited by the Constitutions of both the United States and Arkansas. U.S. Const. art. I, § 10, cl. 1; Ark. Const. art. 2, § 17.

First, we note that appellant fails to cite any case in support of its constitutional argument. However, assuming such argument has validity — which we seriously doubt — we need not reach it because the evidence supports the trial court's finding that appellant's agreement with Montgomery to supply materials was severable and terminable after each purchase rather than a single contract to supply

all the necessary materials to build appellees' house. Of course, if each purchase by Montgomery was a separate contract, the notice provisions in §§ 51-608.1 *et seq.* clearly applied to each purchase made and delivered beginning on October 1, 1979.

Appellant's single-contract theory is based on its reading of *Kizer, supra,* but that case simply does not support appellant's position. The Court in *Kizer* was confronted with a statute of limitation issue — when the materialman, Kizer Lumber, was required to file its lien. Citing the applicable law, the *Kizer* court stated:

> If the materials were furnished under one contract, he [the materialman] should file the account . . . after the last was delivered; but if the materials were furnished under separate and distinct contracts, it [the account] should be filed under each contract. . . . If, however, he [the materialman] began to furnish "without any specific agreement as to the amount to be furnished," or the time within which they were to be furnished, and there was a "reasonable expectation that further material" would "be required of him," and he was "afterwards called upon from time to time to furnish the same," he should file it . . . after the last item was delivered.

*Id.* at 519, 20 S.W. at 410.

In reviewing the evidence, the Court found that when the contractor Mosely purchased his first lumber from the Kizer Lumber Company, he made no contract to buy any other, *but said to them that he might need more.* Under these facts, the Court held the materials were presumed to have been furnished under one contract and the amounts due under the contract should be treated as one demand.

Here, appellant's president testified that materials for appellees' home were supplied on an open account in Montgomery's name. Appellant presented no evidence showing it was to supply all materials for appellees' home. Nor was it shown that Montgomery, either expressly or

impliedly, gave appellant any "reasonable expectation" that he would — or even might — purchase other materials with which to build appellees' house. While Montgomery did purchase other materials from appellant for that project, he could have terminated those purchases at any time. This being true, we conclude the trial court correctly found that §§ 51-608 *et seq.* and the notice provisions contained therein applied to the deliveries of materials by appellant to the appellees' property after October 1, 1979. Because there is no dispute that appellees did not receive the notice required under those statutory provisions, appellant simply is not entitled to a lien for the value of the materials delivered after October 1, 1979.

We affirm.

MAYFIELD, C.J., and CLONINGER, J., agree.