## DAVIS *et al.* v. NORTON.

No. 2236.　Opinion Filed January 7, 1913.

(129 Pac. 750.)

1.　**JUSTICES OF THE PEACE—Appeal—Retrial—Trial De Novo.**
Section 14 of article 7 of the Constitution of Oklahoma requires all cases appealed from a court of a justice of the peace to be tried de novo in the county court.

2.　**SAME—Judgment—Vacation.** Where a judgment is rendered before a justice of the peace for the plaintiff, in the absence of the defendants, two in number, and one of them on the same day appeared and filed a motion to vacate the judgment, and which

motion, made in compliance with the requirements of section 6380, Comp. Laws 1909, is sustained, and a notice served upon the plaintiff, signed by both defendants, it must affirmatively appear that the judgment was only set aside as to the person asking it, otherwise it will be deemed set aside as to both defendants.

3. SAME—Appeal—Bond—Filing—Time. Where a judgment is so vacated, and notice served in compliance with the statute, and the case afterwards comes on for trial, and the justice thereupon attempts to rescind his former action in vacating said judgment, and to reinstate his former judgment, and an appeal is prosecuted from the said latter judgment, it is error for the county court to dismiss said appeal for the reason that the appeal bond was not filed and approved within ten days of the rendition of the original judgment; the appeal being prosecuted from the final order rescinding the order vacating the judgment and attempting its reinstatement, the appeal bond being filed and approved within ten days from the rendition of said final order.

4. JUDGMENT—What Constitutes. A judgment is the final determination of the rights of the parties in an action. Section 5916, Comp. Laws 1909.

(Syllabus by Sharp, C.)

*Error from Seminole County Court;*
*T. S. Cobb, Judge.*

Action by Sam Norton against Bob Davis and another. From a justice's judgment in favor of plaintiff, defendants appealed to the county court, where the appeal was dismissed, and, from the order of dismissal, defendants bring error. Reversed and remanded.

*J. A. Baker,* for plaintiffs in error.

Opinion by SHARP, C. Judgment before the justice of the peace was rendered November 9, 1909, in the defendants' absence. On the same day the defendant Bob Davis filed a motion, duly verified, asking that said judgment be vacated and set aside. This affidavit was in pursuance of the provisions of, and in compliance with the requirements of, section 6380, Comp. Laws 1909. Upon being filed before said justice of the peace, an order was made sustaining the motion, and the judgment so rendered was set aside, and the case set for hearing on November 18, 1909. On said last-mentioned day notice was served on plaintiff by defendants, as required by the fourth subdivision of said section 6380. On the same day plaintiff filed what he termed a special appearance, in which it was sought to have the order setting

aside the judgment vacated, and to have the court decline to assume further jurisdiction of the cause. Pursuant to defendants' notice, the case came on for hearing on November 27th; the plaintiff on said day filing a second motion objecting to the court entertaining further jurisdiction of the cause for the following reasons: (1) That the judgment had never been legally set aside; (2) that the court had lost jurisdiction; (3) because no application to set aside the judgment as to Harriet Davis was ever served on plaintiff. Plaintiff's motion was sustained by the court, who made the following order:

"The court, after examining the proceedings and pleadings in this case, and being fully advised in the premises, finds that the motion of the plaintiff filed herein should be sustained, and that the court should decline to take further jurisdiction in this cause. It is therefore ordered that this cause stand upon the original judgment rendered in this case against the defendant and in favor of the plaintiff, dated November 27, 1909."

From this judgment, an appeal was taken to the county court; appeal bond being filed and approved November 29th thereafter. The case coming on for trial in the county court, the plaintiff filed a motion asking that the appeal be dismissed for the reasons: (1) That no appeal would lie from the judgment rendered November 9th, the court's action, if reviewable at all, being upon bill of exceptions, and not by appeal; (2) that the appeal bond was not filed and approved within ten days of the rendition of the judgment of November 9th. A second motion was filed, which included the grounds in the former motion, and, in addition thereto, the further ground that Harriet Davis was not made a party to the appeal. The motions were sustained, and defendants' appeal dismissed.

The first question raised by the motion to dismiss the appeal is decided adversely to defendant in error upon the authority of *Redus v. Mattison,* 30 Okla. 721, 121 Pac. 253; *Patten v. Cagle,* 32 Okla. 499, 122 Pac. 154; *Gulf Pipe Line Co. v. Vanderberg,* 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661, Ann. Cas. 1912D, 407; section 14, art. 7, of the Constitution of Oklahoma, requiring that all cases appealed from a court of a justice of the peace be tried *de novo* in the county court.

The second contention is not supported by the record. The final judgment was rendered November 27th, and the appeal bond filed and approved by the justice of the peace, before whom the action was pending, on November 29th thereafter. Plaintiff's bill of particulars asked for a judgment against both Bob and Harriet Davis. The judgment of November 9th presumably was taken against both defendants, though neither is named; simply a judgment for the plaintiff for the immediate possession of the corn, or its value, $125, and costs of suit, taxed at $46.30. This judgment was set aside on the motion of defendant Bob Davis; said motion being in part as follows:

"Comes now Bob Davis, one of the defendants in the above-stated case, who, after being duly sworn, deposes and says on oath that the judgment rendered against the defendants in the above-stated case was upon default; neither of these defendants were present, either in person or by counsel. * * *"

The notice served on plaintiff on November 18th was signed by both Bob Davis and Harriet Davis. We think there was sufficient warrant for the court setting aside the judgment in its entirety. The defendants were alike affected by the judgment, and it is unnecessary that each of them appear and comply with the statute before the court could make an order binding upon both. Section 1785, Burns' Ann. Stats. of Indiana 1908, is not unlike section 6380 of our statutes. In *Robinson v. Snyder et al.*, 97 Ind. 56, it was held that where a judgment by default before a justice of the peace is rendered upon a partnership note against both partners, and one of them within 10 days thereafter appears, pays the costs, and moves to set aside the judgment, which is done, it must affirmatively appear that such judgment was only set aside as to the person asking it, otherwise it would be deemed to be set aside as to both defendants. Obviously the appearance of Bob Davis was both in his own behalf and that of his codefendant, Harriet Davis, and the court so concluded by its order vacating and setting aside the judgment, without limitation or reference to either one of said defendants. It was unnecessary for Harriet Davis in person to have joined in the original motion to vacate the judgment; and, as she was

a party to the notice that was subsequently served, no irregularity in that particular can be said to exist.

It appears that notice of appeal was given on the day the judgment was rendered; that on the second day thereafter appeal bond was filed and approved, and the appeal allowed. We cannot say, from the record before us, that Harriet Davis was not a party to the appeal, though under the authority of *Barnard v. Douglass-Whaley Grocery Co.,* 31 Okla. 124, 120 Pac. 563, this would not have been necessary. The appeal was from the order of November 27th, which attempted to reinstate the former order of the 9th. Until the order of the 27th was made, there was no judgment against either of said defendants. It was the order of that day that was final, and from which the appeal was taken. We had occasion to investigate a very similar question in *Fooshee & Brunson v. Smith,* 34 Okla. 247, 124 Pac. 1070, where it was observed:

"The remaining question is, Was the judgment from which the appeal was taken such a final judgment from which an appeal could be prosecuted? Section 6386, Comp. Laws 1909, provides: 'In all cases not otherwise especially provided for by law, either party may appeal from the final judgment of the justice of the peace to the county court of the county where the judgment was rendered. * * *' While section 6395 provides: 'An appeal may be taken from the final judgment of a justice of the peace in any case, except in cases hereafter stated, in which no appeal shall be allowed: First, on judgments rendered on confession; second, in jury trials, where neither party claims in his bill of particulars a sum exceeding twenty dollars.' Section 6066 provides: 'A judgment rendered, or final order made, by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court (county court), may be reversed, vacated or modified by the district court (county court).'"

It was the judgment rendered November 27th by the justice of the peace that constituted the error. The original judgment was proper; the judgment vacating and setting aside this judgment we have already held was proper; no appeal was prosecuted from one or either of these judgments. The vice was in the final

order, and it was from that, and not from the original judgment, that the appeal was prosecuted.

The judgment of the trial court should therefore be reversed, and the cause remanded.

By the Court: It is so ordered.