## DAUGHERTY et al. v. FELAND.

No. 7463—Opinion Filed May 16, 1916.
Rehearing Denied June 13, 1916.
(157 Pac. 1144.)

**1. Appeal and Error—Review—Discretion of Court—Continuance.**

An application for continuance is left to the sound discretion of the trial court, and its ruling will not be reversed, unless an abuse of discretion plainly appears.

**2. Executors and Administrators — Actions —Evidence.**

Where the appointment of an administrator is put in issue by the pleadings, the introduction in evidence of the original judgment signed by the judge, showing same to have been filed and properly recorded, is prima facie evidence of such appointment.

**3. Judgment — Collateral Attack — Conclusiveness.**

An adjudication of jurisdictional facts in a domestic judgment is conclusive in collateral proceedings attacking such judgment, by attempting to again put such facts in issue.

(Syllabus by Rittenhouse, C.)

Error from District Court, Rogers County; T. L. Brown, Judge.

Action by E. C. Feland, administrator of the estate of John R. H. Daugherty, against T. J. Daugherty and another. Judgment for plaintiff, and defendants bring error. Affirmed.

E. G. Wilson, for plaintiffs in error.

Adams & Wills, for defendant in error.

Opinion by RITTENHOUSE, C. This suit was instituted upon two promissory notes executed by defendants T. J. Daugherty and Belle C. Daugherty to John R. H. Daugherty, since deceased; the action being maintained by E. C. Feland, administrator of the estate of John R. H. Daugherty, deceased. The defendant answered by an admission of the execution of the notes, pleaded payment thereof, and denied plaintiff was the duly appointed, qualified, and acting administrator of said estate. The plaintiff joined issue by general denial. The cause was tried to the court on December 31, 1914, and resulted in a judgment in favor of plaintiff.

The first error assigned is that the court erred in refusing to strike the cause from the assignment and in overruling the application for continuance. An examination of the record discloses that on December 7, 1914, which was the first day of the December term, this cause was set to be tried on December 18, 1914, subsequently it was reset for the 25th, then changed to the 21st, then to the 23d, and finally set and tried on December 31, 1914. On December 23d a jury

was waived and an agreement entered into to try the cause to the court. The defendant thereupon filed motion to strike same from the assignment because the issues had not been made up 10 days prior to the first day of the term. The reply was filed November 19, 1914, and the cause was not assigned until December 7, 1914. The statement of the record is sufficient to refute the contention. Yet in view of the application for continuation the court continued the case to December 31, 1914, and on that date, when the same was called for hearing, defendant filed a motion for continuation on the ground that one of the defendants was sick and could not attend, and that her presence was necessary at the trial for counsel and consultation, and further that it was necessary for defendants to prove that an administrator was appointed for said estate in a court of competent jurisdiction in the state of Texas prior to the appointment of plaintiff in the state of Oklahoma.

We have recited the history in this case, showing the motions to strike the cause from the several assignments and the application for a continuation, in order to show the numerous attempts made by defendant to avoid trial at the December term. These facts were before the court when the motion for continuation of December 31, 1914, was presented, and the trial court evidently was convinced that the several motions were made merely for delay. Defendants knew that the case was set on December 7, 1914, and that under their answer, which was filed several weeks prior thereto, they had raised the question of the appointment of an administrator in the state of Texas. No attempt was made to procure this evidence, and the trial court in passing upon the motion properly exercised a discretion, which will not be disturbed by this court in view of the record in this case. McCann v. McCann et al., 24 Okla. 264, 103 Pac. 694; Jennings Co. v. Dyer et al., 41 Okla. 468, 139 Pac. 250; Walton et al. v. Kennamer, 39 Okla. 629, 136 Pac. 584; M. O. & G. R. R. Co. v. West., 50 Okla. 521, 151 Pac. 212.

The answer put in issue the appointment of E. C. Feland as administrator of said estate, and it is insisted that the court erred in allowing the original journal entry to be introducted in evidence as proof of such appointment, on the ground that the best evidence was the minute book kept by the county court, which, under section 6489, Rev. Laws 1910, is a book in which all orders and decrees of the county court must be entered at length. In support of that contention the plaintiffs in error cite the case of Cockrell et al. v. Schmitt, 20 Okla. 214, 94 Pac. 521, 129 Am. St. Rep. 737, wherein it was held that it was the duty of the probate judge or clerk to have entered the judgment in the case upon the journal of the court. In the instant case the journal entry shows the appointment of plaintiff as administrator, the filing of the same in the office of the clerk of the county court July 22, 1914, and that it was recorded in Probate Minute Book No. 13, at page 150, while in the case relied on the journal entry had never been recorded. It was held by this court in Walker et al. v. McKemie, 44 Okla. 469, 145 Pac. 359, that the original letters of guardianship were prima facie evidence that the guardian was duly appointed, and, further, that it would have been proper to introduce a duly authenticated copy of the original letters of guardianship or the order of appointment, and in that respect the court said:

"The failure, however, to do so did not render the record evidence offered incompetent, for it is a rule recognized by high authority that the absence of an entire record may be supplied by recitals in the judgment or decree of all the essential facts, jurisdictional or otherwise; that where the judgment or decree on which the party adducing it in a collateral action relies as a muniment of title or as a link in a chain of title recites all the essential facts, jurisdictional or otherwise, in regard to the proceedings in which it was rendered, the record of such judgment or decree, or a duly authenticated copy thereof, is admissible as prima facie evidence at least, without producing a complete record or transcript of the proceedings."

In the instant case the journal entry introduced was the original signed by the judge, showing the same to have been filed and recorded as provided by law, and was prima facie evidence that E. C. Feland was the duly appointed, qualified, and acting administrator of the estate of John R. H. Daugherty. The fact that the journal is admissible in evidence does not preclude the original from which the journal is prepared.

The last assignment of error is that the court erred in overruling the demurrer to the evidence, it being insisted that there was a failure to show (1) that a petition for the appointment of an administrator had been filed, (2) a notice of the hearing of such petition given, and (3) a failure of proof of the identity of those having a preferential right to administer such estate. Had this been a direct attack upon the judgment, these matters might be material; but this is not a direct attack, but a collateral attack, upon a domestic judgment, and the finding of the county court as to its jurisdiction, in such collateral attack, is conclusive. In Blackwell v. McCall, 54 Okla. 96, 153 Pac. 815, this question was before the court, and in that case it was said:

"An adjudication of the jurisdictional facts in a domestic judgment is conclusive in collateral proceedings attacking such judgment by attempting to again put such facts in issue."

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.