Note.—See under (1) Workmen's Compensation Acts—C. J. p. 74, §65; anno. L. R. A. 1916A, 40; L. R. A. 1917D, 114; L. R. A. 1918F, 897; 10 A. L. R. 1488; 28 R. C. L. p. 802; 3 R. C. L. Supp. p. 1596; 4 R. C. L. Supp. p. 1856; 5 R. C. L. Supp. p. 1568; 6 R. C. L. Supp. 1756. (2) Workmen's Compensation Acts—C. J. p. 73, §63; p. 122, §127; anno. L. R. A. 1918F, 915; 28 R. C. L. p. 828; 6 R. C. L. Supp. p. 1581. (3) Workmen's Compensation Acts—C. J. p. 115, §114.

---

## HAWKINS v. BRYAN.

No. 17676. Opinion Filed Nov. 15, 1927.

(Syllabus.)

1. **Courts—Judgment — Presumptions Supporting Judgment of District Court—Collateral Attack.**

The district courts of this state are courts of general jurisdiction, and their judgments cannot be collaterally attacked unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment.

2. **Fraud—What Included.**

Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise, and are resorted to by one individual to get an advantage over another by false suggestions or by the suppression of the truth. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated. Van Winkle v. Henkle, 77 Okla. 34, 186 Pac. 942.

Error from District Court, Ottawa County: J. J. Smith, Judge.

Action by Jess Bryan against Harry H.

Hawkins et al. Judgment for plaintiff, and defendant Harry H. Hawkins appeals. Affirmed.

O. F. Mason, for plaintiff in error.

Frank Nesbitt and D. H. Cotten, for defendant in error.

PHELPS, J. Defendant in error. Jess Bryan, was an employee of the Blue Ribbon Mining & Milling Company, a corporation engaged in mining and milling lead and zinc, and while thus employed received injuries for which he was by the State Industrial Commission awarded a balance on compensation of $2,119.34, and said Blue Ribbon Mining & Milling Company, or the Associated Employers' Reciprocal, its insurance carrier, was directed to file with the Industrial Commission within 30 days from the date of the award receipts showing payment in compliance with the order. The award was not paid, but the judgment of award was filed in the district court of Ottawa county and Mr. Bryan brought suit in said court for judgment on the award, alleging, among other things, that execution was issued on said award and returned unsatisfied; that Harry H. Hawkins, plaintiff in error here, was the principal owner and stockholder of the Blue Ribbon Mining & Milling Company and that he had procured a change in the name of the corporation to Blue Ribbon Lead & Zinc Company for the purpose of delaying and defrauding the creditors of said Blue Ribbon Mining & Milling Company, and that all the property and assets of said Blue Ribbon Mining & Milling Company were in the hands of said Blue Ribbon Lead & Zinc Company and said Harry H. Hawkins, and that said insurance carrier was in the hands of receivers who were nonresidents of the state and that said insurance carrier had no assets within the state, by reason whereof Bryan was unable by execution to recover any property or assets from which to pay the award made by the Industrial Commission, and prayed judgment against Hawkins and the Blue Ribbon Lead & Zinc Company. The cause was tried to a jury and a verdict returned in favor of Bryan for the full amount of the award as against Hawkins only, and from judgment rendered on the verdict, Hawkins prosecutes this appeal.

It is contended by plaintiff in error that Bryan could not proceed with the collection of the award, for the reason that the records do not affirmatively show that the Industrial Commission ordered a certified copy of the award to be filed in the office of the court clerk of Ottawa county, as provided by section 9 of chapter 61 Session Laws 1923, amending section 7300, C. O. S. 1921 [sec. 7300, Harlow's Supplement, 1927] reading as follows:

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten days after the same is due by the employer or insurance carrier liable therefor, the Commission may order a certified copy of the award to be filed in the office of the court clerk of any county, which award, whether accumulative or lump sum shall be entered on the judgment docket of the district court, and shall have the same force and be subject to the same law as judgments of the district court. Upon the filing of such certified copy of the Commission's award a writ of execution shall issue and such process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by the Code of Civil Procedure. * * *"

The record shows that the judgment and award was entered of record in the office of the court clerk of Ottawa county, but there is no evidence as to whether it was therein filed by order of the Industrial Commission; however, in McDougal v. Rice, 79 Okla. 203, 193 Pac. 415, this court said:

"The district courts of this state are courts of general jurisdiction, and their judgments cannot be collaterally attacked unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment. * * *"

To the same effect is the holding in Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, and Royal Neighbors of America v. Fletcher, 99 Okla. 297, 227 Pac. 426.

We conclude, therefore, that in the light of the record in the instant case this assignment of error is without merit.

It is next contended by plaintiff in error that the evidence fails to show a state of facts which would make plaintiff in error, Hawkins, liable for the payment of Bryan's award against the Blue Ribbon Mining & Milling Company, and in their brief counsel for plaintiff in error dwell at some length upon the liability of stockholders when the indebtedness exceeds the capital stock and also upon their liability when there is a balance owing on the stock they have subscribed for, which, apparently, is an entirely different theory than the one upon which Bryan claims his right to recover. In the pleadings it is specifically al-

leged that Hawkins was the principal owner and stockholder of the Blue Ribbon Mining & Milling Company and procured a change of name of the corporation to Blue Ribbon Lead & Zinc Company for the purpose of defrauding the creditors, and it was upon this theory of the case that the evidence was introduced.

The evidence shows that Hawkins owned about 90 per cent. of the capital stock of the Blue Ribbon Mining & Milling Company; that he was secretary-treasurer; that the corporation was operating the property at the time Bryan received his injuries; that the corporation did not own any property, but that the lease belonged to Hawkins, as did also the mill and mining equipment upon the lease, and that when the officers of the company permitted its charter to be forfeited Hawkins took charge of the mill and lease and held them as his individual property and that after organizing the Blue Ribbon Lead & Zinc Company no stock of that company was issued. but that Hawkins retained possession and control of all the property formerly supposed to have been the assets of the Blue Ribbon Mining & Milling Company.

Under the rule laid down in Van Winkle v. Henkle. 77 Okla. 34, 186 Pac. 942, and the rule stated in paragraph 1 of Citizens Bank v. Singer. 109 Okla. 27, 234 Pac. 708, under the allegations of the petition, fraud was sufficiently established to justify the verdict of the jury and the judgment of the court thereon, and the judgment of the district court of Ottawa county is affirmed and judgment rendered on the supersedeas bond.

BRANSON, C. J.. MASON. V. C. J.. and HARRISON LESTER, HUNT, CLARK, and RILEY. JJ , concur.

Note.—See under (1) 15 C. J. p. 827. §146; p. 1004. §418; 34 C. J. p. 530, §834; p. 537. §841. (2) 26 C. J. p. 1059, §1; 12 R. C. L. pp. 229. 232; 5 R. C. L. Supp. p. 637.