## PROTEST OF ST. LOUIS-S. F. RY. CO.

No. 21412. Opinion Filed May 3, 1932.

E. T. Miller and Cruce & Franklin, for plaintiff in error.

John Embry, Co. Atty., H. M. Jarrett and Erwin & Erwin (Emery A. Foster, of counsel), for defendants in error.

SWINDALL, J. We have here for consideration an appeal from the Court of Tax Review of the state of Oklahoma. There are two propositions submitted for our consideration; the first is the protest of the St. Louis-San Francisco Railway Company, a corporation, against alleged illegal and excessive tax levies for the fiscal year beginning July 1, 1929, and ending June 30, 1930, by the county excise board of Lincoln county, state of Oklahoma. Petitioner alleges that of said levy for sinking fund purposes, .2063 mills thereof was made by the county excise board for the purpose of paying a portion of judgments and interests on judgments hereinafter particularly described, to wit:

| To Whom Issued | Court No. | Date | Amount | Interest | Principal |
|---|---|---|---|---|---|
| H. G. Olsen | 9602 | 10-1-27 | $ 450.00 | $ 68.25 | $ 150.00 |
| J. W. Cherry | 9657 | 5-12-27 | 469.80 | 88.08 | 156.60 |
| Jas. Lowe | 9650 | 6-27-29 | 11,518.05 | 691.08 | 3,839.05 |
| M. Sloan | 9688 | 6-27-29 | 1,230.25 | 73.81 | 410.08 |
| Total | | | $13,668.10 | $921.22 | $4,555.73 |

Petitioner further alleges that each and all of said judgments were rendered upon purported claims, but that each and all of said judgments, and the claims upon which they were based, were wholly illegal and void for the following reasons, to wit:

"(a) Because each of said claims was issued without any appropriation having been provided therefor, or without any fund existing at the time of the attempt to incur said claim, to pay for the same, and, hence, such claims were wholly forbidden by section 26, art. 10, of the Constitution of Oklahoma and the statutes of Oklahoma, enacted in pursuance of and declaratory of the purposes and limitations of section 26, art. 10 of the Constitution.

"(b) Petitioner further alleges that chapter 106, page 154, of the Session Laws of 1925, specifically withholds from any court jurisdiction to render judgment upon any claim or warrant issued by any municipality of the state of Oklahoma, unless and until proof of the following described fact, as provided by said statute, shall be made to the court, and the statement shall be made out and filed under oath by the officers having custody of the records involving such claim and fund, showing the following facts:

"'1. An itemized statement of the bonded indebtedness of said municipality.

"2. An itemized statement of the legal indebtedness of said municipality, exclusive of the bonded indebtedness and the alleged indebtedness proposed to be converted into a judgment.

"3. An itemized statement of the indebtedness proposed to be converted into a judgment, so classified as to show, in separate exhibits, all items of questionable legality, if any, and the reasons of said officer or officers therefor:

"'(a) The appropriations against which each warrant was drawn or claim accrued if in judgment, and if within the limits and purposes thereof as provided by law;

"'(b) The income and revenue provided for the respective years, consisting of taxes levied and the actual collections of "estimated income"; the total warrants issued against the same or the accumulated accruals as the case may be, and the amount, if any, in excess of the total income and revenue of the year;

"'(c) The condition of each fund from which such indebtedness is payable as of the close of the month next preceding the filing of application.'

"Petitioner alleges that at the time of the hearing upon said purported claims, and at the time of the rendition of said pretended judgments, and each of them, no such proof was submitted to the court, and no such statement as required by chapter 106, page 154 of the Session Laws of Oklahoma, 1925, was prepared under oath or filed, and hence, the court was wholly without jurisdiction to enter any judgment upon any of such pretended claims, and such judgments were, each of them, under the specific provisions of section 3 of said chapter 106 of the Session Laws of 1925, as well as under the provisions of section 26, article 10, of the Constitution of Oklahoma, and the statutes declaratory thereof and supplementary thereto, wholly void and of no effect, and by reason thereof said county excise board was wholly without jurisdiction, under the premises, to authorize any levy for the purpose of paying any part of the principal or interest of said judgments, and said levy for sinking fund purposes was, by reason thereof, illegal and void to the extent of .2063 mill, and should be reduced by the court."

The petitioners then allege that certain persons, naming them, are the owners and holders of said judgments, and allege that they are necessary parties to the action in the Court of Tax Review and should be made parties. Relative to the second proposition, the allegations of the protest are practically the same as relate to the first proposition, except in the second proposition it is alleged that the judgments were rendered upon warrants issued within the appropriation for the years 1928 and 1929, alleging, however, that the court did not have jurisdiction to render judgment upon the warrants until proof was made in compliance with the provisions of chapter 106, Session Laws 1925.

The county excise board of Lincoln county filed and presented in the Court of Tax Review a demurrer to each of the two items of the protest hereinabove mentioned, which demurrer was by the Court of Tax Review sustained, and the protestants elected to stand upon their protest and bring the case here for review. It will be noted that nowhere in the protest is it alleged that the judgment rolls of Lincoln county show upon the face thereof that the judgments upon the claims or the judgments upon the warrants were void or that the claims were in excess of the constitutional limitations, but it seeks in a collateral way to attack the judgments of the district court of Lincoln county, Okla., which is a court of general jurisdiction.

All presumptions are in favor of the validity of judgments of courts of general jurisdiction. Thomason v. Thompson, 123 Okla. 218, 253 P. 99. When a court of competent

jurisdiction has rendered judgment in relation to any subject within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgment, and where facts are required to be proved to confer jurisdiction, that such facts were duly proved, although the record was silent upon the matter. Kehlier v. Smith, 112 Okla. 183, 240 P. 708. Unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it rendered. Bowling v. Merry, 91 Okla. 176, 217 P. 404; Hawkins v. Bryan, 128 Okla. 27, 261 P. 167; Orth v. Hajek, 127 Okla. 59; 259 P. 854; Greer v. McNeal, 11 Okla. 519, 69 P. 891; Hocker v. Johnson, 38 Okla. 60, 131 P. 1094. A finding of the jurisdictional facts in a domestic judgment is conclusive in a collateral attack upon such judgment attempting to again put such facts in issue. Bruno v. Getzelman, 70 Okla. 143, 173 P. 850; Daugherty v. Feland, 59 Okla. 122, 157 P. 1144; Fooshee v. Craig, 110 Okla. 189, 237 P. 78; Carolina v. Montgomery, 74 Okla. 121, 177 P. 612; Gregg v. Seawell, 85 Okla. 88, 204 P. 908; Blackwell v. McCall, 54 Okla. 96, 153 P. 815; Blackwell v. Milam, 54 Okla. 102, 153 P. 817. Where a court has jurisdiction of the subject-matter of an action and of the parties, and the judgment rendered is not in excess of the jurisdiction and powers of the court, errors and irregularities in the proceedings by which the judgment was obtained will not render the judgment void, but until vacated or set aside in proper proceeding it is valid and binding upon the parties. Smith v. Finger, 15 Okla. 120, 79 P. 759. In a collateral attack upon the judgment of a court of general jurisdiction, the inquiry is confined as to the jurisdiction of the court, and not whether the jurisdiction was properly exercised. Miller v. Madigan, 90 Okla. 17, 215 P. 742. The three jurisdictional elements entering into the validity of every judgment being. first, jurisdiction of the parties; second, jurisdiction of the subject-matter; and, third, judicial power to render the particular judgment, which means jurisdiction of the particular matter which the judgment professes to decide. It is not contended in this case that any one of the three jurisdictional elements entering into the validity of every judgment was missing.

Hence, the judgment roll was regular on its face and was not, and is not now, subject to collateral attack, and in our opinion the Court of Tax Review properly sustained a demurrer to the protest on the claims.

What we have said relative to the collateral attack of the judgment on the claims applies with equal force to the judgment roll in the suits on the warrants. However, in our opinion, the judgments on the warrants were not open to direct attack in the district court of Lincoln county, as the protest alleges that the warrants were issued within the estimate of needs for current expenses. We held in a recent case, No. 21386, County Excise Board of Creek County v. Gulf Pipe Line Co., 156 Okla. 103, 9 P. (2d) 460, that an action based upon warrants issued by a municipal corporation is not an action based upon contract within the meaning of chapter 106, Session Laws 1925.

In addition to the authorities cited by Mr. Justice Riley, delivering the opinion of the court in that case, we find the question has been passed upon by the courts of several other states. The Supreme Court of Kansas, in the case of Shawnee County Commissioners v. Carter, 2 Kan. 115, held that:

"A warrant is an order by which the drawer authorizes one person to pay a particular sum of money."

In Town of Bithlo v. Bank of Commerce, 110 So. 837, the Supreme Court of Florida held that:

"A warrant is the command of the council, board, or official, whose duty it is to pass upon the validity and determine the amount of a claim against the municipality to the treasurer to pay money out of any funds in the city treasury, which are or may become available for the purpose specified to a designated person whose claim therefor has been duly adjudged and allowed."

In Dyer v. Covington Township, 19 Pa. 200, it is expressly held that a warrant is not a contract. In the syllabus it is said:

"Orders drawn by township supervisors on the township treasurer 'payable out of moneys arising from road taxes' are not bills of exchange nor contracts of any kind; and in a suit by the holder of them against the township, on the orders, interest on them is not recoverable."

In this state, however, by virtue of statutory enactment, warrants bear interest. In the case of Allison v. Juniata County, 14 Wright (Pa.) 351, the court says:

"The warrant is not a bill, note, check or contract nor is it a satisfaction of the original indebtedness. * * *"

In the case of Shelley v. St. Charles County Court, 21 Fed. 699, the United States Circuit Court distinguished warrants from bonds and other contracts and therein said that: ·

"Warrants are general orders payable when funds are found, and there is propriety in the rule providing that they shall be paid in the order of presentation, the time of presentation to be indorsed by the treasurer on the warrants."

So, it seems to be the well-settled rule of law that warrants are not contracts.

"Words used in the statute without any technical meaning or application should be given their ordinary significance as they are properly understood, and the language used by the Legislature must be construed in the light of the common acceptance of the terms employed." Ex parte Bossner (Idaho) 110 P. 502.

Section 4968, C. O. S. 1921, defines a contract as follows:

"A contract is an agreement to do or not to do a certain thing."

The requisites of a contract are defined by section 4969, C. O. S. 1921, in this language:

"It is essential to the existence of a contract that there should be:

"First. Parties capable of contracting.

"Second. Their consent.

"Third. A lawful object; and,

"Fourth. Sufficient cause or consideration."

So, we are of the opinion that to hold that a warrant was a contract would place a strained construction upon the words used in the act involved. Chapter 106, Session Laws 1925, in our opinion, was enacted to prevent courts from entering judgments on contracts where the same exceeded the constitutional limitations, and the object of requiring an itemized statement of the bonded indebtedness of said municipality and an itemized statement of the legal indebtedness of said municipality exclusive of the bonded indebtedness, and the alleged indebtedness proposed to be converted into a judgment, was to enable the court to determine from an inspection of the evidence whether or not entering a judgment upon the contract would create an indebtedness exceeding in any year the income and revenue provided for such year without the assent of three-fifths of the voters of the municipality at an election to be held for that purpose, and if the required number of voters gave their assent at an election, then if the indebted-

ness be allowed to be incurred, that it together with the existing indebtedness in the aggregate shall not exceed five per cent. of the valuation of the taxable property therein to be ascertained from the last assessment for state and county purposes, and that the court before entering a judgment based upon contract must require such proof, and if the court enters a judgment without such evidence being offered as required by section 2 of said act, such judgment should be vacated in a direct attack in the court entering the same when commenced within the time and manner authorized by law, but where the judgment roll is regular upon its face, the judgment is not subject to collateral attack, and when the judgment is attacked in a collateral proceeding, the party attacking the judgment must allege and prove that the judgment roll shows upon the face thereof that the judgment is void. Where such facts are not alleged in a collateral attack upon the judgment, the petition or protest against the judgment does not state facts sufficient to constitute a cause of action and the demurrer thereto is properly sustained.

For the reasons herein stated, we are of the opinion, and hold, that the judgment of the Court of Tax Review sustaining the demurrer was correct, and the same is hereby affirmed.

RILEY, HEFNER, CULLISON, and McNEILL, JJ., concur. LESTER, C. J., and KORNEGAY, J., dissent. ANDREWS, J., not participating. CLARK, V. C. J., absent.

Note.—See under (1) 15 R. C. L. 880, 881; R. C. L. Perm. Supp. p. 4992; R. C. L. Pocket Part, title Judgments, 358. (2) 15 R. C. L. 878; R. C. L. Perm. Supp. p. 4001; R. C. L. Pocket Part, title Judgments, § 356.