## PROTEST OF ST. LOUIS-S. F. RY. CO.

No. 23628. Opinion Filed Feb. 14, 1933.

E. T. Miller and Cruce & Franklin, for plaintiff in error.

John Embry, County Attorney, for defendant in error.

SWINDALL, J. This appeal presents for consideration the judgment of the Court of Tax Review upon the 29th cause of action in the protest of appellant against the levies of Lincoln county, Okla., for the fiscal year 1931-32, all other items of protest having been disposed of satisfactorily. The protest is a collateral attack upon a judgment entered in the district court of Lincoln county in the case of Wilson v. Board of Education of the City of Stroud. The levy involved was made by the excise board of Lincoln county to pay one-third of the judgment entered against the school district. The petition filed in the district court by Wilson contained the following allegation:

"Plaintiff further alleges that said inndebtedness is a proper charge against the funds of the defendant, and that the defendant issued and sold its negotiable coupon bonds for the purpose of paying for said contract and for the specific purpose of paying for the erection and completion of the building constructed by this plaintiff; that the funds collected as a result of said bond issue have been diverted to other purposes and are insufficient to pay this defendant (plaintiff); that said funds were available for the purpose of erecting and completing said building at the time of the erection and completion thereof, but that said funds have been diverted to other purposes thereafter."

On the date plaintiff filed his petition the defendant entered a general appearance without summons being served upon it and filed its answer signed by the president of the board of education and signed and attested by the clerk of the board of education, in which it admits that it is a municipal corporation organized and existing under and by virtue of the laws of the state of Oklahoma, and that it is an independent school district within the city of Stroud, Okla., and that the city of Stroud is a city of the first class, and that it executed the contract a copy of which is attached to plaintiff's petition, and denies each, every, and all, singular, the material allegations in plaintiff's petition not specifically admitted, and praying that the prayer of plaintiff's petition be denied, and praying judgment against the plaintiff for the costs.

The petition and answer were filed on March 29, 1930. On April 8th the record shows that the cause came on to be heard, the same being the day set for the hearing of said cause and said court being open and in regular session. The plaintiff appeared by its attorney and the defendant appeared in person by its president and clerk. Whereupon the plaintiff introduced testimony of witnesses and documentary evidence and rested, and the defendant rested. The court after hearing the evidence made the following findings of facts set forth in the journal entry of judgment, to wit:

"After hearing said testimony and argu-

ment of counsel, the court being fully advised in the premises, advise (finds) that all the material allegations of plaintiff's petition are true, and that the defendant is indebted to the plaintiff in the sum of $1,328.16 by reason of a certain contract made and entered into by and between the plaintiff and defendant for the construction of a one-story brick gymnasium, the property of the defendant.

"The court further finds that the plaintiff filed his duly verified claim in accordance with the law and that said claim is a proper charge against the funds of the defendant.

"The court further finds that at the time said liability was incurred by the defendant, that said defendant had funds available for the purpose, for which said liability was incurred and that said funds were thereafter diverted to other purposes, and are now insufficient to pay the claim of the plaintiff as set forth in his petition; that said claim was officially disallowed by the board of education of the city of Stroud, of the state of Oklahoma, and that said plaintiff should have judgment on said claim."

The Court of Tax Review sustained the levy as made by the excise board of Lincoln county, and the protestant has appealed. In the trial before the Court of Tax Review the protestant attempted to collaterally attack the judgment of the district court of Lincoln county, Okla. The protestant presents his cause to this court upon four assignments of error: (1) Because under the undisputed evidence the judgment of the Court of Tax Review is contrary to law and not sustained by the evidence. (2) The Court of Tax Review erred in failing to hold that the judgment roll in said case No. 10566 did not disclose on its face that the petition in said case failed to state a cause of action and that by reason thereof, said judgment was void on its face and subject to collateral attack. (3) The Court of Tax Review erred in failing to hold that since the undisputed evidence showed that default was made in said action and no summons was shown to have been served against said municipality in said cause No: 10566, that the purported judgment rendered in said cause was void on the face of the record and hence subject to collateral attack. (4) The Court of Tax Review erred in upholding an appropriation and levy to pay for a portion of the judgment in said case No. 10566 in the district court of Lincoln county, since it appeared from the undisputed evidence and record in said case that such judgment was void upon its face, and subject to collateral attack.

We think that the only issue for us to determine is, Does the judgment roll in case No. 10566, Wilson v. Board of Education of the City of Stroud, Okla., in the district court of Lincoln county, Okla., upon its face disclose a void judgment? If so, the protest should be sustained, otherwise denied.

In the case of School District No. 8, Marshall County, v. Home Lumber Co., 97 Okla. 72, 221 P. 433, this court said:

"In such case, where, at the time of entering into the contract for material, the school district had approximately the entire amount of a $5,600 bond issue, with no outstanding claims against this fund, and where the material contracted for amounted to $3,799.25, the fact that this fund was afterwards dissipated and nothing was left therein to pay the material bill when it was due cannot militate against the legality of the contract under section 26, art. 10, Williams' Constitution, since at the date the contract was entered into it was within the debt limit of the school district."

In Re Protest of St. Louis-San Francisco Railway Co., 157 Okla. 131, 11 P. (2d) 189, we held that:

"1. All presumptions are in favor of the validity of judgments of courts of general jurisdiction.

"2. When a court of competent jurisdiction has rendered a judgment in relation to any subject within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgment, and where facts are required to be proved to confer jurisdiction, that such facts were duly proved although the record was silent upon the matter.

"3. A finding of the jurisdictional facts in a domestic judgment is conclusive in a collateral attack upon such judgment attempting to again put such facts in issue.

"4. A judgment of a court of general jurisdiction is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but it is not void in a legal sense so as to render it subject to successful attack in a collateral proceeding in a different court, unless its invalidity appears on the face of the record."

The rule announced in that case is followed by a number of the former decisions of this court. We think the pleadings and the findings of the district court of Lincoln county in Wilson v. Board of Education of Stroud, Okla., bring it within the rule announced in Re Protest of St. Louis-San Francisco Railway Co., supra, and that said judgment cannot be collaterally attacked, and that the judgment of the Court of Tax Review in denying the protest is correct and should be, and is, in all things affirmed.

OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and McNEILL, J.; absent. ANDREWS, J., not participating.