## PROTEST OF GULF PIPE LINE CO.

## SEMINOLE COUNTY et al. v. GULF PIPE LINE CO.

No. 23631.    April 24, 1934.

Orr & Woodford and Otis H. Presson, for plaintiffs in error.

James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, and C. L. Billings, for defendant in error Gulf Pipe Line Co.

BUSBY, J.  This case involves the validity of a judgment of the district court of Seminole county. It comes to this court on appeal from a decision of the Court of Tax Review declaring certain tax levies made for the payment of a judgment illegal.

Portions of the judgment roll in connection with the questioned judgment were introduced in evidence in the Court of Tax Review. An examination thereof discloses that on July 2, 1930, one S. D. Patterson, as plaintiff, commenced an action in the district court of Seminole county to recover a money judgment from the defendant Carr school district No. 25, of Seminole county, for the unpaid balance on a contract for the construction of a school building. The cause was docketed in the district court and numbered 16145, civil. Summons was issued and served. On August 2, 1930, the defendant school district filed its answer. The cause was thereafter tried to the court without a jury on the 13th day of June, 1931, resulting in a judgment in favor of the plaintiff for the sum of $4,858.11. No appeal was taken from this judgment, and the same became final. S. D. Patterson thereafter assigned the judgment to one Hugh Green. In approving the estimates of the various municipal subdivisions of Seminole county for the fiscal year of 1931-32, the excise board of that county

approved an item in the estimate for sinking fund purposes to pay the interest and one-third of the principal of the judgment above mentioned. This levy was attacked in the Court of Tax Review by the protestant, Gulf Pipe Line Company, defendant in error herein. The protest was contested before the Court of Tax Review by Seminole county and Hugh Green. The Court of Tax Review sustained the protest. In this appeal we are asked to reverse the decision of that court.

Protestant's objection to the levy and their argument in support of the decision of the Court of Tax Review is presented under two propositions which are:

(1) "The judgment roll in the original case shows on its face it is void on account of absence of essential allegations."

(2) "That the judgment roll in the original case shows on its face it is void on account of failure of the trial court to require compliance with chapter 106, Session Laws 1925 (sections 5976-5979, O. S. 1931), of these in their order."

The protestees, on the other hand, assert that the questioned judgment is in all respects regular and legal, and is not subject to a successful collateral attack.

There are fundamental and well-settled principles of law relative to collateral attack on judgments by which we are guided in arriving at a conclusion in a case of this character. A judgment is the final determination of the rights of the parties in an action. Fooshee & Brunson v. Smith, 34 Okla. 247, 124 P. 1070; Davis v. Norton, 36 Okla. 505, 129 P. 750. Courts are created for the purpose of settling disputes involving personal and property rights. Judgments are the means by which courts accomplish the purpose of their creation. The law looks with favor upon settlement of controversies and the termination of litigation. It views with disfavor the reopening of old disputes which have been previously submitted to and decided by a court of competent jurisdiction. Methods are usually provided for correcting erroneous decisions of courts of original jurisdiction. In this state appellate courts are created by the Constitution, and a comprehensive system for obtaining an appellate review of an erroneous decision is available to a dissatisfied litigant. Liberal rules of intervention prevail, and parties whose rights may be adversely affected by the outcome of pending litigation may intervene in order to safeguard their interests. Having intervened, they become parties to the litigation and may invoke the reviewing power of an appellate court.

When the judgment of a court is questioned on appeal, or in some other manner authorized by law, the attack is said to be direct. Cochran v. Barcus, 112 Okla. 180, 240 P. 321; Watkins v. Jester, 103 Okla. 201, 229 P. 1085. When, however, an attempt is made to avoid, defeat, evade, or deny the force and effect of a judgment in a manner not authorized by law, and by a procedure not designed for that purpose, the attack is classified as collateral. Powers v. Brown, 122 Okla. 40, 252 P. 27; Richardson v. Carr, 68 Okla. 46, 171 P. 476; Griffin v. Culp, 68 Okla. 310, 174 P. 495. A proceeding before the Court of Tax Review, wherein the validity of a judgment of one of the district courts of the state is questioned, is a collateral attack upon such judgment. Protest of St. Louis-San Francisco R. Co., 162 Okla. 62, 19 P. (2d) 162; In re Protest St. Louis-San Francisco R. Co., 157 Okla. 131, 11 P. (2d) 189.

The classification of the attack upon this judgment is of fundamental and primary importance. It establishes the scope of our inquiry and determines the tests by which we shall determine the validity of the judgment.

In order to render a valid judgment a court must have: (1) Jurisdiction of the parties. (2) Jurisdiction of the subject-matter. (3) Judicial power to render the particular judgment rendered, which means jurisdiction of the particular matter which the judgment professes to decide. Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 P. 231. When a judgment is attacked collaterally, the court in which the attack is made may inspect the judgment roll for the purpose of determining the validity of the judgment, but it cannot properly declare the questioned judgment void unless it affirmatively appears from an examination of the judgment roll that some one or more of these essentials of jurisdiction was absent.

In discussing this subject this court, speaking through Mr. Justice Swindall, said in Re Protest of St. Louis-San Francisco R. Co., 157 Okla. 131, 11 P. (2d) 189, supra:

"All presumptions are in favor of the validity of judgments of courts of general jurisdiction. Thomason v. Thompson, 123 Okla. 218, 253 P. 99. When a court of competent jurisdiction has rendered judgment in relation to any subject within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgments, and where facts are required

138

to be proved to confer jurisdiction, that such facts were duly proved although the record was silent upon the matter. Kehlier v. Smith, 112 Okla. 183, 240 P. 708. Unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it rendered. Bowling v. Merry, 91 Okla. 176, 217 P. 404; Hawkins v. Bryan, 128 Okla. 27, 261 P. 167; Orth v. Hajek, 127 Okla. 59, 259 P. 854; Greer v. McNeal, 11 Okla. 519, 69 P. 891; Hocker v. Johnson, 38 Okla. 60, 131 P. 1094. A finding of the jurisdictional facts in a domestic judgment is conclusive in a collateral attack upon such judgment attempting to again put such facts in issue. Bruno v. Getzelman, 70 Okla. 143, 173 P. 850; Daugherty v. Feland, 59 Okla. 122, 157 P. 1144; Fooshee v. Craig, 110 Okla. 189, 237 P. 78; Carolina v. Montgomery, 74 Okla. 121, 177 P. 612; Gregg v. Seawell, 85 Okla. 88, 204 P. 908; Blackwell v. McCall, 54 Okla. 96, 153 P. 815; Blackwell v. Milam, 54 Okla. 102, 153 P. 817.

"Where a court has jurisdiction of the subject-matter of an action and of the parties, and the judgment rendered is not in excess of the jurisdiction and powers of the court, errors and irregularities in the proceedings by which the judgment was obtained will not render the judgment void, but until vacated or set aside in proper proceedings it is valid and binding upon the parties. Smith v. Finger, 15 Okla. 120, 79 P. 759. In a collateral attack upon the judgment of a court of general jurisdiction, the inquiry is confined as to the jurisdiction of the court, and not whether the jurisdiction was properly exercised. Miller v. Madigan, 90 Okla. 17, 215 P. 742. The three jurisdictional elements entering into the validity of every judgment being, first, jurisdiction of the parties, second, jurisdiction of the subject-matter, and third, judicial power to render the particular judgment, which means jurisdiction of the particular matter which the judgment professes to decide."

Keeping in mind the foregoing principles by which the validity of judgments is determined on collateral attack, we now consider the first alleged defect in the judgment under consideration. Protestants contend that there is an absence of essential allegations in the petition which renders the judgment void. The gist of the action on which the judgment was rendered is thus stated in the following portion of the petition:

"That on the 12th day of July, 1929, the defendant made and entered into a written contract by the terms of which said defendant employed the plaintiff to furnish the labor and material necessary to construct a building for said defendant. A true and correct copy of said contract is attached hereto, incorporated herein, made a part hereof and marked exhibit 'A'. That by the terms and conditions of said contract said defendant agreed to pay to plaintiff the sum of $18,433.11 to construct said building. That said contract was let after due, legal and lawful notice, and same was in all respects in conformity with the laws in such cases made and provided. That thereafter, in pursuance of said contract, the plaintiff did furnish all material and labor, and did construct said building in a workmanlike manner, in accordance with the plans and specifications of the architect. That said building was completed on or about the 19th day of October, 1929; that the architect approved said building and the defendant did accept said building and has used and occupied the same as a school building from and after said time.

"(3) That at the time said contract was entered into as aforesaid, said defendant had on hand sufficient funds to pay for the erection of said building in full; that said contract was not in excess of the estimate nor of the constitutional limit of indebtedness as provided by law. But that said acceptance is and was a legal charge against the defendant.

"(4) That in addition to the contract as aforesaid by and with the consent of the defendant and the approval of the architect the plaintiff expended $225 for extra work, making a total sum for the entire job of $18,688.11. That of said sum the defendant has paid to the plaintiff the following sums, to wit:

| September 17th, 1929, | $12,000.00 |
| October 11th, 1929, | 1,830.00 |

"That the balance of said contract in the sum of $4,848.11 is due and unpaid. That although there were sufficient funds with which to pay said balance, said funds were expended and dissipated for other purposes and not paid to the plaintiff for construction of said building."

Protestants say in their brief:

"It will be noted at the outset that the contract was entered into before any lawful levy could have been made for the year in question. It should also be noted that the petition does not recite that any approved estimate or appropriation had been made at the time the contract was entered into or at any time thereafter. There is nothing in the petition to show any ratification of the contract by the approval at a later date of an estimate containing the item in question."

The contention of the petitioners is: That the questioned judgment is absolutely void by reason of the failure of the petition to contain an averment stating in precise words that subsequent to the execution of the con-

tract an appropriation was made out of which the contract price could be paid.

In discussing this point we must keep in mind the substantive law in connection therewith, a concise statement of which is contained in Consolidated School District No. 2 v. Arlington School Supply Co., 148 Okla. 299, 298 P. 1052, syllabus 1 of which reads:

"A contract by a municipality for the purchase of materials entered into after the beginning of the fiscal year, is not violative of section 26, art. 10, of the Constitution, or C. O. S. 1921, sec. 8638, upon the sole ground that at the time the contract was entered into and the materials furnished pursuant thereto, no appropriation therefor had been made by the excise board to pay for the material; provided, that thereafter, and during the fiscal year, an estimate is made and approved by the proper officers, and an appropriation is made to create a fund to meet the conditions of said contract and pay for the material."

To the same effect is the case of Union School Dist. 1, Kay Co., v. Foster Lumber Co., 142 Okla. 260, 286 P. 774.

The contract involved in the case at bar was executed on July 12, 1929, after the beginning of the fiscal year, but before any appropriation could have been made by the excise board. Its validity and enforceability depended upon the making of a subsequent appropriation for building purposes.

The petition of the plaintiff in the district court alleged the existence of funds available for the payment of the contract indebtedness, but did not specifically allege that an appropriation was subsequently made. However, it does not contain any statement affirmatively showing that such an appropriation was not subsequently made. Does the mere absence of an allegation in a petition render a judgment based thereon void on collateral attack?

This question was so completely and ably answered by this court in the case of McDougal, Grn., v. Rice, 79 Okla. 303, 193 P. 415, that we quote at length from the opinion in that case:

"The grounds stated by the defendant in his motion, as we have seen, are that the petition filed by the plaintiff in the district court of Creek county, for a judgment upon the note, failed to allege sufficient facts to constitute a cause of action against the defendant for a money judgment and on account of the alleged insufficiency of the petition it is urged that the district court was without jurisdiction to render the judgment complained of and that same was void. * * *

"' There is also practical unanimity among the authorities that a judgment of a court of general jurisdiction cannot be collaterally attacked, unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it did. (Authorities cited.)'

"In Welch v. Foch, supra, the following was quoted with approval of this court from Van Fleet on Collateral Attack, wherein it was said:

"'There is no connection between jurisdiction and sufficient allegations. In other words, in order to "set the judicial mind in motion" or to "challenge the attention of the court," it is not necessary that any material allegation should be sufficient in law, or that it should even tend to show facts that are sufficient. If that were the rule, the absence of any material allegation would always make the judgment void, because it cannot be said that such a complaint has any tendency to show a cause of action. * * * When the allegations are sufficient to inform the defendant what relief the plaintiff demands, the court having power to grant it in a proper case, jurisdiction exists, and the defendant must defend himself. * * * Allegations immaterial and wholly insufficient in law may be sufficient to "set the judicial mind in motion" and to give a wrongful but actual jurisdiction which will shield the proceedings from collateral attack.'

"Then the opinion continues: 'And the learned author sums up the whole matter by saying that in his opinion the true and logical rule is that, if there is any petition at all invoking the action of the court, a judgment based thereon cannot be assailed collaterally because of insufficiency in the pleading. This, too, is the rule adhered to by the Supreme Court of the United States. (Authorities cited.)'"

To the same effect are the cases of Fowler v. Marguret Pillsbury General Hospital, 102 Okla. 203, 229 P. 442; Horstman v. Bowermaster, 90 Okla. 262, 217 P. 167; Lindebery v. Messman, 95 Okla. 64, 218 P. 844; Foster v. Focht, 102 Okla. 261, 229 P. 444.

This court said in the case of Protest of St. Louis-S. F. Ry. Co., 166 Okla. 50, 26 P. (2d) 212, syllabus 5:

"If the court which rendered a judgment had jurisdiction of the person of the defendant, jurisdiction of the subject-matter of the action and jurisdiction to render the particular judgment which was rendered,

its judgment is valid, even though it was in error as to the law or the facts."

And in the body of the opinion in the same case we stated:

"**Where the validity of a claim against a county is dependent upon facts, a trial court which has the jurisdiction to review those facts and to determine the legal effect thereof has the jurisdiction to render a judgment thereon and such a judgment is not void, even though the trial court was mistaken as to the facts, mistaken as to the legal effect thereof, or mistaken as to the law applicable thereto.**"

Similarly, in the case of Harrison v. Orwig, 149 Okla. 54, 299 P. 143, we said:

"County courts of this state have general jurisdiction in probate matters and their orders and judgments will be accorded like force, effect and legal presumption of other courts of general jurisdiction, and a guardian's petition to sell real estate of a minor, which contains sufficient allegations to challenge the attention of the court in regard to its merits, is sufficient to give the court jurisdiction, and a sale made thereunder cannot be **attacked for insufficiency of the petition on a collateral attack.**"

A different rule was recognized in the case of Excise Board of Carter County v. Chicago, R. I. & P. Ry., 152 Okla. 120, 3 P. (2d) 1037, in an opinion by Chief Justice Riley, **where the petition not only fails to state a cause of action, but affirmatively shows on its face that no cause of action existed.** Disposing of the problem involved in that case where a collateral attack was made on a judgment, it was said:

"But a different rule seems to apply where the petition, not only fails to state a cause of action, but affirmatively shows that no valid cause of action can be stated upon a particular claim against a municipality. * * *

"In the instant case the petitions upon which the judgments were taken, not only failed to state that there was an appropriation, but affirmatively alleged that no appropriation was ever made, and show that the claims were disallowed for that reason."

The case at bar, as we have previously seen, does not fall within the latter rule. The only alleged defect in the petition is that there was a mere omission to state an essential fact, namely, the subsequent making of an appropriation. We therefore hold in accordance with the principles announced in the foregoing decisions that the omission from a petition of a fact which should have been pleaded does not render a judgment based thereon void on collateral attack.

We are aware that in treating judgments against municipalities, we have in previous opinions occasionally used language which is in apparent conflict with the ruling herein announced. Protest of Carter Oil Co., 148 Okla. 1, 296 P. 485. An examination of that case, as well as others containing similar expressions, discloses that the failure to state a fact in a petition was considered in conjunction with other related facts disclosed by the judgment roll from what it was determined that a legal fraud had been perpetrated against a municipality. It is further suggested that the petition in the district court case is defective and insufficient to support the judgment for the reason that many of the averments therein contained are conclusions of the pleader as distinguished from ultimate facts. The fallacy of this suggestion is at once apparent.

Conclusions of a pleader are not good when the sufficiency of the pleading in which they are contained is challenged by demurrer before trial. They may be sufficient when the sufficiency of the pleading is first questioned by objection to the introduction of evidence after a trial has commenced. Sharpless Separator Co. v. Gray, 62 Okla. 73, 161 P. 1074. Wilson v. Eulberg, 51 Okla. 316, 151 P. 1067. They are generally held sufficient when the objection to a pleading is first made after judgment on motion for new trial or on appeal. Hall v. Bruner et al., 36 Okla. 474, 127 P. 255; Williamson et al. v. Oliphant, 85 Okla. 3, 204 P. 301. Manifestly the suggestion that conclusions in a pleading are insufficient to support a judgment when collaterally attacked is unsound. The judgment herein contains all the necessary findings to make it valid. We quote:

"The court finds that on the 12th day of July, 1929, the defendant entered into a written contract with the plaintiff by the terms of which the plaintiff was employed to furnish labor and material necessary to construct a building for the defendant, and that said defendant agreed to pay the sum of $18,433; that said contract was let after due, legal and lawful notice and, in accordance with the law in such cases made and provided; that said contract was completed in accordance with the terms thereof, and accepted by the defendant on or about the 19th day of October, 1929.

"The court further finds that said defendant had on hand unexpended, from the estimate and appropriation made and provided for building purposes, sufficient money to pay

said contract in full; that said contract was not in excess of the estimate or the constitutional limit of indebtedness as provided by law.

"The court further finds that in addition to the contract price, that the plaintiff at the request of the defendant, and with the approval of the architects, expended $225 for extra work and material in addition to that required by the original contract; that said defendant had on hand unexpended from the estimate and appropriation made for such purposes, sufficient money to pay said sum in full; that said contract was not in excess of the estimate or the constitutional limit of indebtedness as provided by law."

It will be noted that the district court specifically found that an appropriation existed for building purposes, "as provided by law." Since the contract sued on was not void when executed, subsequent appropriations could and no doubt were made for building purposes. The district court so found, and found that there had been appropriated "sufficient money to pay said contract in full." This finding is another complete answer to protestant's contention concerning the sufficiency of the pleadings. Since, as we have previously seen, all presumptions are in favor of the judgment of the district court, it must be presumed in support of the finding therein that the same was based upon competent evidence. This court has held that even in a direct attack by appeal, where the allegations of a petition are inadequate and evidence was introduced before the trial court without objection supporting the judgment, the pleading will be treated in the appellate court as having been amended to conform to the proof. Mitchell v. Dadas, 167 Okla. 390, 30 P. (2d) 179; Heindselman v. Harper, 91 Okla. 50, 215 P. 771. Obviously, deficient pleadings should be treated as amended to conform to the findings of the trial court when a judgment is attacked collaterally. Otherwise we would be in the rather absurd position of holding that a judgment would be sufficient to withstand a direct attack, but the same judgment would be void for want of jurisdiction on collateral attack.

The other contention of the protestant is that the questioned judgment is void by reason of failure of the judgment roll to show a compliance with chapter 106, S. L. 1925, secs. 5976, 5979, O. S. 1931.

The statutory provisions mentioned require certain proof to be made in order that judgment may be rendered against the county. The judgment roll in connection with the district court judgment involved does not affirmatively disclose that these statutory provisions were not complied with. The presumption is that they were. Furthermore, and independent of any presumption of law in favor of the verdict of the jury, we may infer from the findings of the district court made in the journal entry that the proof contemplated by the statute was submitted.

In order for a judgment to be invalid on this ground when attacked collaterally, it is essential that the failure to comply with the statute in question affirmatively appear from an examination of the judgment roll. In re Protest of St. Louis & San Francisco R. Co., 157 Okla. 131, 11 P. (2d) 189. In that case certain judgments based upon claims were attacked collaterally in the Court of Tax Review on the theory that the statutory provisions mentioned by protestant were not complied with. The protestant failed to allege that the noncompliance appeared on the face of the judgment rolls. The Court of Tax Review sustained a demurrer to the protest. It held in substance that the protestant must plead and prove that the invalidity of the judgment appeared on the face of the judgment roll. This court affirmed the decision. The case having been disposed of on demurrer, the judgment rolls of the questioned judgments were not offered in evidence.

In the opinion in that case, the legal soundness of the decision was completely demonstrated. We adhere to the views therein expressed, and hold them applicable to the case at bar. From an examination of the judgment roll, we must and do presume that the requirements of sections 5976-5979, supra, were complied with. The decision of the Court of Tax Review is reversed, with directions to enter judgment accordingly denying the protest.

CULLISON, V. C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. ANDREWS and WELCH, JJ., dissent. RILEY, C. J., and BAYLESS, J., absent.