**PROTEST OF STANOLIND PIPE LINE CO. et al.**

**SEMINOLE COUNTY et al. v. STANOLIND PIPE LINE CO. et al.**

No. 23743.    April 24, 1934.

Rehearing Denied May 22, 1934.

Orr & Woodford and Otis H. Presson, for plaintiffs in error.

Hunt & Eagleton, for defendants in error.

BUSBY, J. On June 13, 1929, a judgment was rendered in the district court of Seminole county in an action therein pending in which S. D. Patterson was plaintiff and Carr school district No. 25, Seminole county, was defendant. The judgment was in favor of the plaintiff. No appeal was taken and the judgment became final. It was assigned to Hugh Green.

The validity of the judgment was collaterally attacked in the Court of Tax Review in a protest filed by the defendant in error. We have examined the judgment roll in connection with the questioned judgment and find it valid. The reasons for so holding are fully set forth in cause No. 23631, Seminole County, Okla., and Hugh Green, Plaintiff in Error, v. Gulf Pipe Line Company of Oklahoma, a Corporation, Defendant in Error, this day decided, 168 Okla. 136, 32 P. (2d) 42, which involved the same character of attack upon the same judgment. The views expressed in the opinion in that case are controlling in the case at bar.

An additional contention is made in the brief in this case, namely, that the appeal to this court was not perfected in the time required by law and should be dismissed. It appears that on January 25, 1932, the Court of Tax Review sustained the protest involved. The decision was not filed with the State Auditor until February 18, 1932. Less than 10 days thereafter, and on February 24, 1932, the decision was set aside, the cause retried, and the protest was again sustained. The appeal was taken within the time required by law from the latter order and judgment.

Protestant's counsel contend that the Court of Tax Review had no power to set its former order aside, and that its act in doing so was void. They assert that the time for perfecting appeal is determined by reference to the first judgment. Section 12310, O. S. 1931, provides for appeals from the Court of Tax Review. It reads:

"Either the protestant or the county may appeal from the final decision of the court to the Supreme Court of the state, and it shall be sufficient to perfect such appeal if the appellant shall, within ten days after the filing of such decision of the court with the State Auditor, cause to be filed with the State Auditor a statement in writing that appellant does appeal. If no appeal be taken, the decision of the court shall be final."

Under the above section a judgment of the Court of Tax Review does not become final until 10 days after it is filed with the State Auditor. Without considering the power that may be exercised over a judgment after the expiration of that time, it was certainly within the power of the lower tribunal to vacate its own judgment within the ten days before it became final. The contention of protestant is without merit. The decision of the Court of Tax Review is reversed, with directions to render judgment denying the protest.

CULLISON, V. C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. ANDREWS and WELCH, JJ., dissent. RILEY, C. J., and BAYLESS, J., absent.